Jones *v.* Smith.

---

No. 14,114.

## JONES *v.* SMITH.

CHATTEL MORTGAGE.—*Loan of Property by Mortgagor.—Mortgagee's Wrongful Taking.—Replevin.*—Where it is provided in a chattel mortgage that the mortgagor "expressly agrees not to remove the property from where it now is without the consent of the mortgagee, nor to sell, assign or lease the same without such consent," a temporary loan by the mortgagor of one of the horses mortgaged to a neighbor is a reasonable use of the property, and does not constitute such a breach of the condition of the mortgage as entitles the mortgagee to take the property from the mortgagor, and if it is so taken replevin will lie.

SAME.—*Recovery.— Demand.*—Where the mortgagee wrongfully obtains possession of mortgaged property, no demand before suit for recovery is necessary.

From the Warren Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellant.
*W. B. Durborow,* for appellee.

ELLIOTT, J.—The chattel mortgage on which rests the defence made by the appellant to this action of replevin prosecuted against him by the appellee contains, among others, this provision : "And the said Elizabeth Smith hereby expressly agrees not to remove the said property from the place where it now is without the consent of the said F. M. Jones, nor to sell, assign, or lease the same without such consent." The property mortgaged was two horses, one of which the appellee, as a matter of favor, permitted a neighbor to temporarily use, and the appellant took possession of it, claiming a right to it on the ground that there was such a breach of the conditions of the mortgage as entitled him to possession.

There was no such breach of the condition of the mortgage as entitled the appellant to take the property from the mortgagor. The nature of the property embraced in the mortgage is to be considered in determining what use may be made of it by the mortgagor, and if the use is a reasonable one there is no breach of the condition of the mortgage. In *Walker* v. *Radford,* 67 Ala. 446, the mortgage contained a provision forbidding the removal of the horse and wagon mortgaged out of the State, and the court held that this provision could not be so construed as to prohibit the mortgagor from using the horse and wagon in making a brief visit to her mother outside of the State. The court, in speaking of what is necessary to constitute a breach of the condition, said : " The removal must place his (the mortgagee's) rights in jeopardy, and it must be inconsistent with a legitimate use of the property by the mortgagor." In the case before us it is evident that the rights of the mortgagee were not put in jeopardy, and it is also evident that the temporary loan to a neighbor was a reasonable use of the property. The construction of the mortgage for which the

appellant contends, is too harsh and unreasonable to find favor with the courts.

The appellant wrongfully obtained possession of the property, and no demand before suit was necessary.

The fact that the mortgagor contemplated making a sale of the horse, and sought to obtain the appellant's permission to sell it, does not tend to show any wrong on her part; the tendency is, indeed, just the reverse, for the inference is, that she did not mean to sell unless she first obtained the appellant's consent. The inference drawn by appellant's counsel is directly contrary to the fair and legitimate one.

Judgment affirmed.

