# HOOVER, SHERIFF *v.* LEWIN.

[No. 8,355.   Filed May 26, 1914.]

1. REPLEVIN.—*Property Taken on Attachment.—Courts.—Jurisdiction.*—While property in *custodia legis* is in the exclusive jurisdiction of the court having such custody, an order directing the sheriff to attach the property of a defendant confers no authority for taking the property of one not a party to the action, so that where the sheriff of one county, acting on a writ of attachment issued from the circuit court of another county, took the property of one not a party to the action, the circuit court of the county in which the property was situate when attached, had jurisdiction by virtue of §960 Burns 1914, Acts 1901 p. 121, defining the practice where property is claimed by a person other than the attachment defendant, and §1330 Burns 1914, §1266 R. S. 1881, providing for actions in replevin, to hear and determine an action against such sheriff to replevy the property so taken.   p. 370.

2. REPLEVIN.—*Property Taken on Attachment.—Estoppel.*—Where, acting on a writ of attachment directed against the property of the attachment defendant, the sheriff took the property of one not a party to the action, neither the fact that the latter was a witness, and that he attended the trial in which the attachment proceeding was had, and at the time knew that his property had been attached, nor the fact that he later brought suit before a justice of the peace to recover the property, which he subsequently dismissed, would estop him from thereafter maintaining an action in the circuit court to replevy the property so taken. p. 371.

3. REPLEVIN.—*Property Taken on Attachment.—Courts.—Jurisdiction.*—Where the sheriff of one county, acting under a writ of

attachment from the circuit court of another county directed against the property of the attachment defendant, took the property of one not a party to the action, the action of the latter, in bringing a suit to replevy the property in the circuit court of the county in which the property was situate when attached, was not in conflict with the jurisdiction of the other court, where the title to his property was not in issue and was not adjudicated by that court. p. 372.

4. REPLEVIN.—*Property Taken on Attachment.—Res Judicata.—Pleading.*—Even if the judgment of a court adjudicated the title to property taken on a writ of attachment against the claims of one who sought to replevy such property, such judgment would not be available as a defense to the replevin suit unless pleaded. p. 372.

5. REPLEVIN.—*Complaint.—Sufficiency.*—In an action against a sheriff to replevy property of plaintiff taken on a writ of attachment directed against the property of another, a complaint alleging that defendant unlawfully and without right holds and retains possession of plaintiff's property, and that the plaintiff is the owner and is entitled to the immediate possession thereof, is sufficient without alleging a demand before suit. p. 372.

6. REPLEVIN.—*Demand.—Necessity.*—In an action of replevin, proof of demand is only required when it is necessary to show that the detention by the replevin defendant is unlawful; and where defendant's possession was unlawful from the beginning, or where property lawfully taken is later converted, it is not necessary either to allege or prove a demand. p. 372.

7. REPLEVIN.—*Complaint.—Demand.*—Where the facts pleaded in a complaint for replevin show that the possession of the defendant was at any time lawful, it must, in order to withstand a demurrer, also show a demand to make the possession wrongful. p. 373.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Action by Irve Lewin against William Hoover, sheriff of Jasper County. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Otto J. Bruce* and *George A. Williams,* for appellant.
*John A. Dunlap* and *W. H. Parkinson,* for appellee.

SHEA, J.—Appellee Lewin filed his complaint in the Jasper Circuit Court in replevin, alleging, in substance, that he was the owner and entitled to the immediate possession of certain personal property consisting of two horses, a wagon

and harness of the value of $400; that appellant "unlawfully and without right holds and detains possession of said property to his damage in the sum of $100", demanding judgment for recovery of the property, damages for the detention thereof, and all other proper relief.

A demurrer to the complaint was overruled, and appellant then filed an answer in two paragraphs, the first a general denial; the second averring in substance the following facts: That appellant is, and since January 1, 1911, has been the duly elected, qualified and acting sheriff of Jasper County, Indiana; that on January —, 1911, pursuant to a duly certified writ of attachment from the circuit court of Porter County, Indiana, issued in a cause commenced in that court by Ella Hankins against John and Charles Lewin, he attached all the property in Jasper County, Indiana, belonging to said John and Charles Lewin, and made his return on said writ to the Porter Circuit Court. Among other property attached were the two horses wagon and harness described in the complaint in this cause; that appellee is the son of one of the defendants in the cause in the Porter Circuit Court, and had actual knowledge of the pendency of the action in that court, and of the fact that appellant attached said property under and by virtue of the writ; that the action in the Porter Circuit Court has been duly tried and disposed of, a judgment rendered in favor of the plaintiff and against John and Charles Lewin, and appellant as sheriff of Jasper County, Indiana, ordered to turn over to the sheriff of Porter County all property attached by him, which he did; that appellee had actual knowledge of the foregoing facts, attended the trial of the cause in the Porter Circuit Court and testified as a witness in behalf of one of the defendants. On January 4, 1911, while said cause was pending in the Porter Circuit Court, and after appellant had attached said property including the two horses, wagon and harness described

Vol. 56—24

in the complaint, and the same was in his possession, appellee filed three actions before a justice of the peace for Marion Township in Jasper County, Indiana, against appellant, in replevin, alleging that he was the owner of and entitled to possession of the property described, which was the same property involved in this action. Summons was issued in each of said actions returnable January 7, 1911, and appellant appeared to defend same on the day they were set for trial; that the complaints were sufficient to have tried the rights of property in said cases; that appellee did not prosecute said actions, but dismissed each of them, without any fault of appellant, on January 7, 1911, and prior to the trial and judgment in the cause in the Porter Circuit Court; that appellee never made any demand on appellant for the property described in the complaint herein, wherefore it is prayed that appellee take nothing by his complaint. Appellee's demurrer to the second paragraph of answer was sustained, and judgment rendered that he recover from appellant the property described in the complaint.

Appellant relies on the following errors for a reversal of the cause: (1) The Jasper Circuit Court did not have jurisdiction of the subject-matter of the action because the property was in *custodia legis* of the Porter Circuit Court. (2) The court erred in overruling appellant's demurrer to appellee's complaint. (3) In sustaining appellee's demurrer to the second paragraph of appellant's answer. (4) In overruling appellant's motion for a new trial.

It is insisted that the property having been taken into the custody of appellant as sheriff of Jasper County, by virtue of a duly certified writ from the Porter Circuit Court, the Jasper Circuit Court had no jurisdiction to hear and determine said cause, on the theory that property in *custodia legis* is in the exclusive jurisdiction of the court having such custody. Appellant states the legal proposition correctly, but the facts in this case do not sustain his contention. Section 960 Burns 1914,

Acts 1901 p. 121, of the attachment act defines the practice
if the property in controversy is claimed by a person other
than the attachment defendant, and clearly contemplates an
action in replevin.   The statute, as well as the decided cases
in our State are based on sound reason.   In the present
case, for instance, the writ issued from the Porter Circuit
Court in the usual form, directed the sheriff of Jasper
County (appellant) to attach and take into his possession
any property belonging to the attachment defendants situ-
ate in Jasper County.   Manifestly this order could not
authorize the sheriff to take into his possession property
which belonged to any other person, which is the situation
as appears from the record in this case.   Irve Lewin (ap-
pellee) was not a party to the action in the Porter Circuit
Court, and his right to the possession or ownership of the
property could not be determined by any action of the
Porter Circuit Court.   His remedy was in an action in ·
replevin, to which he resorted.   The statute is conclusive
upon this question.   Section 1330 Burns 1914, §1266 R. S.
1881, reads as follows: ''When any personal goods are
wrongfully taken, or unlawfully detained, from the owner
or person claiming the possession thereof, or when taken on
execution or attachment, are claimed by any person other
than the defendant, the owner or claimant may bring an
action for the possession thereof.''

The second paragraph of appellant's answer is not clear
in its theory.   It sets out facts with respect to the filing
of the suit in the Porter Circuit Court; that appel-
lee in this case was present at the trial and testified as
a witness; that he had knowledge at the time he so
testified that the property which he now claims to own, had
been attached, and was in controversy in the Porter Circuit
Court; that while said action was pending in the Porter Cir-
cuit Court he filed suits in the justice's court, which he after-
wards dismissed.   The mere fact that appellee was present
as a witness only in the Porter Circuit Court, does not,

under the facts pleaded, estop him to assert his rights in the present action. The fact that he filed suits in the justice's court to recover the same property, which he afterwards dismissed, is likewise no ground for estoppel.

It will be observed that this paragraph of answer does not allege that the sheriff of Jasper County was ordered to take into his possession the particular property in controversy, but the order appears to have directed the sheriff to take over all the property of attachment defendants in Jasper County. The sheriff doubtless acted in the belief that he was taking property of attachment defendants, but his judgment can not be held to be final, and the action of appellee in this case can not be said to be in conflict with the jurisdiction of the Porter Circuit Court. The judgment of the Porter Circuit Court entered after the filing of the suit in Jasper County, as shown by the answer, did not adjudicate the title to the property in question, because said title was not in issue. Even if the Porter Circuit Circuit could, under any construction of the law, be held to have considered the title, the judgment is not pleaded in the second paragraph of answer, and the statements therein contained are the mere conclusions of the pleader, so the answer, upon any theory, is insufficient. *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 104 N. E. 82, and authorities cited.

Under the second error assigned it is insisted that the demurrer to the complaint should have been sustained because said complaint does not allege a demand upon defendant before the commencement of the action. The complaint contains the general allegation that the defendant "unlawfully and without right holds and detains possession of the property from plaintiff"; that "the plaintiff is the owner and entitled to the immediate possession thereof". These allegations are sufficient, under our practice, to withstand a demurrer. If the property belonged to the plaintiff, and was unlawfully

detained from him, his right of action would lie without alleging a demand. Proof of demand is required when it is necessary to show that the detention of the replevin defendant is unlawful. If the possession of the defendant was unlawful from the beginning, or there was a lawful taking of the property in the first instance, and the property was afterwards converted by the defendant to his own use, then it is not necessary to prove a demand to maintain the action, and therefore certainly unnecessary to allege it. If the facts pleaded show that the possession of

7. the defendant was at any time lawful, then a demand must be alleged in the complaint to make the possession wrongful, and in order that the complaint may withstand a demurrer. *Lewis* v. *Masters* (1846), 8 Blackf. 244; *Cunningham* v. *Baker* (1882), 84 Ind. 597; *Hamilton* v. *Browning* (1884), 94 Ind. 242; *Jones* v. *Smith* (1890), 123 Ind. 585, 24 N. E. 368; *Teague* v *Abbott* (1912), 51 Ind. App. 604, 100 N. E. 27.

Numerous reasons are urged in support of appellant's motion for a new trial. We have examined the alleged errors in the admission of certain evidence, but find no harmful error. The instructions given by the court might be criticised as being too favorable to appellant in some instances, but we find no error which prejudiced appellant's rights. Upon the record presented, a correct conclusion was reached. §§407, 700, 2221 Burns 1914, §§398, 658, 1891 R. S. 1881. Judgment affirmed.

NOTE.—Reported in 105 N. E. 400. As to demand and refusal in replevin cases, see 80 Am. St. 753. See, also, under (1, 3) 11 Cyc. 988; (2) 16 Cyc. 785; (4) 23 Cyc. 1523; (5, 7) 34 Cyc. 1474; (5) 34 Cyc. 1406, 1407.