Hillel *v.* Julius H. Buettner Furn., etc., Co.—62 Ind. App. 481.

perfect a vacation appeal. However, if the appeal had been perfected as to Mrs. Shantz, there could be no reversal of the judgment in this case. As before stated, the only assigned error presented by appellant's brief is that challenging the action of the trial court in overruling their motion for new trial, and in such motion appellants asked a new trial as against both appellees.

The admission entered of record above indicated, on which they rely to prevent the dismissal of the appeal, conclusively shows that, as against

3. Mrs. Shantz, appellants were not entitled to a new trial, and hence no error available in this court can be predicated on the court's action in overruling such motion. *Hatfield* v. *Rooker* (1913), 56 Ind. App. 1, 6, 7, 104 N. E. 798, and cases there cited.

For the reasons indicated the appeal should be and is dismissed.

NOTE.—Reported in 113 N. E. 13. Rules for the computation of time when first or last day falls on Sunday, 49 L. R. A. 204; 15 L. R. A. (N. S.) 687; 38 L. R. A. (N. S.) 1162; 78 Am. St. 377; 38 Cyc 329. See under (2) 2 Cyc 764; 3 C. J. 1014.

---

HILLEL *v.* JULIUS H. BUETTNER FURNITURE AND CARPET CO.

[No. 9,050.  Filed June 23, 1916.]

1. NEW TRIAL.—*Specification of Grounds.—Statute.*—That the judgment is clearly against the weight of the evidence is not a statutory ground for a new trial under §585, cl. 6, Burns 1914, §559 R. S. 1881, and such specification, therefore, presents no question for review. p. 483.

2. APPEAL.—*Presenting Grounds of Review.—Specification of Grounds.*—In assigning as a ground for a new trial, where the cause has been tried by the court, that the "finding" is not sustained by the evidence, the use of the word "finding" is equivalent to the word "decision" used in the statute (§585, cl. 6, Burns 1914, §559

482          APPELLATE COURT OF INDIANA,

Hillel *v.* Julius H. Buettner Furn., etc., Co.—62 Ind. App. 481.

R. S. 1881), so that such specification of a ground for a new trial properly presents for review the question of the sufficiency of the evidence.    p. 483.

3. NEW TRIAL.—*Specification of Grounds.*—*Insufficiency of Evidence.* —An assignment that the decision "is not sustained by the evidence," is in effect equivalent to an assignment that the decision "is not sustained by sufficient evidence."    p. 483.

4. SALES.—*Conditional    Sale.*—*Breach.*—*Recovery.*—*Sufficiency    of Evidence.*—*Admissibility of Evidence.*—In an action in replevin, there was evidence to the effect that the defendant had in her possession certain household furniture which she knew her deceased husband had purchased under a conditional contract retaining title in the vendor and giving him the right of possession on default in the stipulated payments or upon removal of the goods from the then residence of the vendee; that the husband was in default in payments at the time of his death; that none were made by the defendant thereafter; and that she had removed the goods from the original residence of the husband.    *Held,* that the contract of sale was properly received in evidence, and that the evidence was sufficient to sustain the decision of the trial court for the plaintiff. p. 483.

5. REPLEVIN.—*Right    of    Action.*—*Demand.*—*When    Necessary.*— Where there has been a default in the provisions of a conditional contract for the sale of personal property and the possession of the goods has thereby become wrongful, no demand for a return of the goods is necessary prior to the institution of an action in replevin. p. 484.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Julius H. Buettner Furniture and Carpet Company against Etta Hillel. From a judgment for the plaintiff, the defendant appeals. *Affirmed.*

*Marcus Hershcovitz,* for appellant.
*James W. Brissey,* for appellee.

IBACH, J.—Appellee brought this action of replevin for certain household goods alleged to be in appellant's possession and unlawfully detained by her. To this complaint appellant filed her verified answer in general denial. A trial by the court resulted in a general finding and judgment for appellee. Appellant's motion for new trial was overruled, and this is assigned as error. This mo-

tion was based on a number of grounds. Those argued are: (1) "The judgment is clearly against the weight of the evidence. (2) The finding of the court is not sustained by the evidence. (3) Error of the court in admitting in evidence a certain written article of agreement supposed to have been entered into between the plaintiff and the husband of defendant, bearing date of April 15, 1911."

The first specification is not a statutory ground for a new trial, and therefore presents no question for review. §585, cl. 6, Burns 1914, §559 R. S. 1881. In the second specification the word "finding" is used instead of the word "decision," but it has been held that the former word is equivalent to the word used in the statute, when the cause has been tried by the court, so that the ground for a new trial in the form here appearing properly presents the question for a review of the evidence. *Bump* v. *Sellers* (1913), 54 Ind. App. 146, 102 N. E. 875, and cases cited. The assignment that the decision "is not sustained by the evidence" is in effect equivalent to the assignment that the decision "is not sustained by sufficient evidence."

The facts as they appeared from the evidence are that the appellee is a furniture dealer, and appellant's husband, N. Hillel, who has since died, obtained possession of the furniture in question by virtue of a contract of conditional sale, by the terms of which he was to pay the sum of $184.80 in weekly installments of $2 each. Appellee was to retain title and the right to recover possession on default of the purchaser. The contract contains the further condition that in case of the violation by N. Hillel of other provisions of the contract, among which is that in case of sale or disposal, or an attempt to sell or dispose of the

484 APPELLATE COURT OF INDIANA,

Hillel v. Julius H. Buettner Furn., etc., Co.—62 Ind. App. 481.

property, or removal of the same by N. Hillel or any one else from the then place of residence of the mortgagor, then appellee might take the property into its possession. There is evidence also from which the trial court could very properly infer that appellant's husband executed the instrument relied on by appellee, and that she knew of that fact; and the evidence is uncontradicted that appellant retained possession of the same property on the death of her husband, in their home in St. Louis, Missouri. There is some evidence, contradicted it is true, which shows that at the time of the death of appellant's husband he was in default of his payments and that she never made any payments after his death. There is also some evidence tending to show that the goods purchased were found in appellant's possession in Indiana Harbor, Indiana, where appellant was residing when suit was brought. The contract of sale was properly received in evidence, and this court can not reverse the judgment of the trial court on the sufficiency of the evidence, since there is some evidence to support every material fact essential to appellee's recovery.

Under the facts of the case appellant can not insist that the terms of the contract can not be enforced against her, because she did not execute the original contract of sale. On the contrary, when the property was found in her possession, and default had occurred in the payments, her right to retain the property under such original contract was terminated, and since the contract of sale provided against the removal of the property from the domicile of the purchaser, when appellant removed the same into this state, without the consent of the owner, her act amounted to a conver-

5. sion of the property and her possession in this state from that time became wrongful and no demand was necessary before bringing the suit.

A demand is not necessary except where a party has possession of the property of another lawfully, and a demand will make the possession unlawful. *Cox* v. *Albert* (1881), 78 Ind. 241; *Deeter* v. *Sellers* (1885), 102 Ind. 458, 1 N. E. 854; *Haffner* v. *Barnard* (1890), 123 Ind. 429, 24 N. E. 152; *Hoover* v. *Lewin* (1914), 56 Ind. App. 367, 105 N. E. 400.

Judgment affirmed.

NOTE.—Reported in 113 N. E. 12. Conditional sales, recovery of goods, 133 Am. St. 564. See under (4) 35 Cyc 702; (5) 34 Cyc 1404.