RICHARD *v.* MARSHALL COUNTY TRUST AND SAVINGS COMPANY, ADMINISTRATOR.

[No. 23,987. Filed March 21, 1924. Rehearing denied December 19, 1924.]

1. EXECUTORS AND ADMINISTRATORS.—*Evidence.—Receipts of Deceased.—Not Proof of Agreement to Pay Money.*—In an action by an administrator on notes payable to decedent and for money had and received, receipts of the deceased containing recitals that they were the first payment, second payment, etc., "in full according to agreement" were not evidence that defendant had bound himself to pay an additional sum annually, and admission of such receipts was error. p. 543.

Richard *v.* Marshall County Trust, etc., Co., Admr.—195 Ind. 540.

2. EXECUTORS AND ADMINISTRATORS.—*Evidence.—Offer to Pay Money.—Not Proof of Valid Agreement to Pay Annuity.*—In an action by an administrator on notes payable to the decedent and for money had and received, proof of an offer by the defendant to pay "two annuities which it was claimed he owed" did not establish that, fifteen years previously, for a consideration, he had promised to pay an annuity of a certain amount each year thereafter, and evidence that he did pay "an annuity" was not evidence that he had become legally bound to pay the same amount for a long series of years before and after the year in which the payment was made. p. 543.

3. EVIDENCE.—*Self-Serving Declarations of Decedent.—Admissibility.*—In an action by an administrator on notes payable to the decedent and for money had and received, testimony that decedent, at a time and place not stated, when being questioned by an attorney, in answer to a question "What was in the pocket book?" stated that "there was between three and four thousand dollars against" the defendant, was inadmissible, as such statement by the decedent was self-serving and hearsay.   p. 544.

4. EVIDENCE.—*Copy of Decedent's Statement Under Oath.—Admissibility.*—In an action by an administrator on notes payable to decedent and for money had and received, an unsigned and unsworn copy of the answers given by the decedent when he was being examined under oath, the copy being made by another than the witness who produced it, when the witness was not present, was not admissible in evidence.   p. 544.

5. EVIDENCE.—*Copy of Decedent's Statement Under Oath.—Not Invited.*—In an action by an administrator on notes payable to decedent and for money had and received, the error in introducing an unsigned and unsworn copy of a statement under oath by the decedent when he was being examined in another matter was not invited by the defendant in asking a witness what the decedent said in an examination before a notary public, but not identified as the same examination, as to the contents of a pocket book, there being no reference to a pocket book in the supposed copy of decedent's statement introduced in evidence.   p. 545.

6. WITNESSES.—*Competency.—Action by Heirs in Place of Administrator under §2809 Burns 1914.*—In an action by heirs substituted for the administrator under §2809 Burns 1914, Acts 1899 p. 504, the recovery must be on behalf of the estate as represented by the administrator, and §522 Burns 1914 which forbids heirs testifying in certain actions "by or against them" is not applicable, but the proceeding must be deemed one "in

542 SUPREME COURT OF INDIANA,

Richard *v.* Marshall County Trust, etc., Co., Admr.—195 Ind. 540.

which an executor or administrator is a party" within the meaning of §521 Burns 1914, and the heirs are competent witnesses on behalf of the estate as to matters which occurred in the lifetime of the decedent.  p. 548.

From Marshall Circuit Court; *Adam E. Wise,* Judge.

Action by the Marshall County Trust and Savings Company, as administrator of the estate of Michael B. Zehner, against Jacob A. Richard.  From a judgment for plaintiff, the defendant appeals.  *Reversed.*

*D. L. McKesson* and *S. N. Stevens,* for appellant.
*Martindale & Martindale,* for appellee.

EWBANK, J.—This is an appeal from a judgment "that plaintiff, Marshall County Trust and Savings Company, administrator of the estate of Michael B. Zehner, deceased, recover of and from said defendant Jacob A. Richard a verdict returned by a jury in the sum of $10,781, together with costs," as modified by the entry of a remittitur of $2,329.67, which was signed by "attorneys for plaintiff" at the time the motion for a new trial was ruled on, and by the re-entry of a judgment "that plaintiffs should have and are hereby given judgment against Jacob A. Richard, defendant herein, for the sum of $8,451.33, together with the costs."

His motion for a new trial being overruled, the defendant (appellant) excepted and perfected a term appeal, and has assigned that ruling as error.  The complaint was in five paragraphs, and demanded payment of certain notes of the defendant alleged to have been held by Michael B. Zehner in his life time, and to have been destroyed after his death, and certain sums of money belonging to said Zehner, alleged to have been received by defendant to Zehner's use.  The answer was a general denial and a plea of payment.

Michael B. Zehner died in June, 1917, and the cause was tried and the jury was instructed in March, 1921.

It appears without dispute that the wife of appellant was one of the children of said decedent.

Certain receipts bearing the signature of the deceased were read in evidence which contained recitals that they were the "first payment," "second payment," etc. (numbered consecutively) "as described in a certain mortgage given to me by Jacob Richard and wife dated March 26th, 1903. * * * This payment being in full according to the terms and agreement in said mortgage," each of which receipts was for the sum of $150, but none of which stated that the payments were made as an annuity, nor that any further payments were to be made. And the only mortgage dated March 26, 1903, that was in evidence purported to secure a note for $2,500, due in ten years, with interest, and contained no express agreement except to pay the sum of money thereby secured, without relief. A witness testified that, after the administrator was appointed, defendant came to its president and "offered to pay two annuities which it was claimed he owed," and another witness testified that "the $150 per year that defendant paid was an annuity which he paid decedent for $3,300 that he and his wife got in 1903." But no agreement or mortgage containing an agreement with reference to an annuity was read in evidence, and there was no evidence that, by an agreement in a mortgage or in any other manner, the defendant ever promised or otherwise bound himself to pay decedent an annuity of $150 each year after 1902, whether up to the time of the trial, or to the date of his death.

At the request of the plaintiff, the court gave an instruction to the jury as follows: "If you should find from a preponderance of the evidence in this cause that Michael B. Zehner in his lifetime gave to his daughter, Ida M. Richard, and his son-in-law, the defendant, Jacob Richard, the sum of $3,300,

544    SUPREME COURT OF INDIANA,

Richard *v.* Marshall County Trust, etc., Co., Admr.—195 Ind. 540.

and that the defendant, Jacob Richard, promised to pay to said Michael B. Zehner, in consideration of making said gift, an annuity of $150 a year each year from and after the date of making said gift, and if you further find that said gift was made in the year 1902, then the court instructs you that the decedent is liable to the estate of Michael B. Zehner, deceased, and the plaintiff is entitled to recover in this action the sum of $150 per year for each year from and after the date of the promise to pay said annuity, less any payments thereof which the defendant shall have proved to have been made by a preponderance of the evidence." This was error. Recitals over the signature of the deceased that defendant had paid him sums of money "in full according to agreement" were not evidence that defendant had bound himself to pay additional sums. An offer by defendant in '1917 to pay "two annuities which it was claimed he owed" was no evidence that in 1902, for a consideration, he had promised to pay "an annuity of $150 each year" thereafter. And the testimony that what he did pay was "an annuity" was no evidence that he had become legally bound to pay the same amount for a long series of years, before and after the years in which the payments were actually made.

After the evidence on behalf of the defendant had been concluded, Harry Unger was called by the plaintiff and testified in rebuttal that, at a time and place not stated when the defendant was not shown to have been present, he and another lawyer, referred to as "Mr. Logan," questioned Michael B. Zehner, plaintiff's decedent, with a stenographer sitting by, and that the witness had "a copy of the answers given by" decedent, but not of the questions. And being asked to produce it, he produced a paper which was thereupon introduced and read in evidence, over defendant's objection and exception, without any further

showing or identification. The paper had neither title nor signature, and was not certified as being sworn to, and the witness testified that it was a copy which he did not make nor see made. He was not asked and did not testify whether or not the testator ever made another statement which was reduced to writing. Objections which were made to the introduction of this paper included the objections that there was no showing that the original was not in existence, and that it set forth self-serving declarations of the deceased to his lawyer when engaged in a former law suit, made *ex parte* in the absence of this defendant and written down by the lawyer's stenographer. This unsigned and unsworn "copy of the answers" given in defendant's absence to questions not set out, which copy was said to have been made by another than the witness who produced it, when the witness was not present, as read in evidence, contained 450 words, related to many subjects and was self-serving, but did not mention a pocket book at all.

Counsel for appellee seek to justify the obvious error in its admission as having been invited by appellant, and point to the fact that a witness, in answer to questions asked by counsel for the defendant (appellant), had stated that he "saw a copy of a certain statement taken by Mr. Logan and Mr. Unger before the notary public of his father (decedent) under oath" (neither time nor place being named), which he said had been lost, that he read it, and that, in said statement, "with reference to the contents of the pocket book" was the following: "The question was asked him (decedent) 'What was in the pocket book,' as near as I can remember, and he answered there was between three and four thousand dollars against Jake Richard." The paper to which this witness referred as having

546    SUPREME COURT OF INDIANA,

Richard v. Marshall County Trust, etc., Co., Admr.—195 Ind. 540.

been seen by him was not further identified, either on direct examination or on cross-examination. And the only objection offered to his testimony was that the questions in answer to which it was given asked only for what was in the statement "with reference to the contents of the pocket book," and did not ask for all of the contents of the written instrument inquired about, but only for an opinion of the witness as to what had reference to the one subject. The witness was not cross-examined concerning the other contents of the writing, and did not testify what they were. Introducing the testimony of this witness as to a question and answer concerning the contents of a pocket book, in a statement sworn to before a notary public, did not invite the error in introducing a supposed copy, not shown to be correct, of answers only, which were not shown to have been given to the same questions nor at the same time or place, nor to have been sworn to, and which did not mention a pocket book or its contents. Admitting the paper in evidence was prejudicial error.

The record discloses that six months after the administrator had commenced suit to enforce payment of these same notes and demands, it voluntarily dismissed the action and judgment was rendered against it for costs; that after its motion to dismiss was made, Elizabeth Clevenger and Benjamin F. Zehner, a daughter and son of Michael B. Zehner, deceased, filed a petition for authority to prosecute the alleged causes of action as set forth in the complaint in that suit, asking that they be "permitted to file their complaint and make up issues thereon and make proof of the allegations of their complaint and claim," and tendered a bond "under §2809 Burns 1914," (Acts 1899 p. 504) conditioned "to pay all costs accruing and which may accrue in the prosecution of the claim" referred to; that the bond was approved, and the record recites that the petitioners "are

now allowed to file complaint and to proceed under said section," and upon the grant of express permission, they filed a complaint in their own names, alleging their relationship to the deceased as his heirs, the appointment of the appellee trust company as administrator of his estate, and the permission obtained by them to prosecute this action on behalf of the estate; and then proceeding to aver facts showing an alleged right of recovery by the estate on lost notes and other demands alleged to have been owned by the decedent. Upon the trial of the cause these petitioners who had thus obtained permission to prosecute the action and had recommenced it by filing a new complaint, and also the husband of one of them and the wife of the other, were each called and examined as a witness by the plaintiff, and, over the objection and exception of appellant, each was permitted to testify to facts that occurred in the lifetime of the ancestor, and the verdict in large part is based upon their testimony. Appellee takes the position that this was an action by an administrator, carried forward on behalf of the estate at the instance of "persons interested in the estate" (§2809 Burns 1914, §1, Acts 1899 p. 504), and not by the heirs, and that §521 Burns 1914, (§498 R. S. 1881) controls under which, it is insisted, the heirs not being "necessary parties to the issue or record, whose interest was adverse to such estate," were not excluded. In support of this position, appellee cites the following authorities. *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 63 N. E. 255; *Snyder* v. *Frank* (1913), 53 Ind. App. 301, 101 N. E. 684; *Myers* v. *Manlove* (1913), 53 Ind. App. 327, 101 N. E. 661.

But these authorities do not, nor does any of them, decide the precise question now before the court; and what was said in *Myers* v. *Manlove, supra,* in deciding an action by heirs who had paid the debts of their an-

cestor and were settling the estate without an administrator, to the effect that "the subject-matter [of that suit] was clearly covered by §521, *supra,* and though the suit was by heirs instead of the legal representative of the decedent, it came within the spirit of that section, which controlled the question of appellee's competency as a witness," on which appellees seem to rely, was a mere *dictum,* by way of argument. Moreover, it was in conflict with a *dictum* to the contrary, in an opinion of the Supreme Court. in *Williams* v. *Riley* (1882), 88 Ind. 290, 295, 296. In the latter case, the court reversed a judgment in favor of the heirs of Andrew Riley, deceased, recovered in an action brought by them on a promissory note given to him in his lifetime, the complaint alleging that all the debts had been paid, and that no administrator had been appointed. After stating that the judgment must be reversed for other reasons, and that the record presented no question as to the competency of a plaintiff who was an heir to testify, because no objection had been made on the ground that he was incompetent by reason of being a party to the suit, the court expressed an opinion that no party to that suit would be a competent witness as to any matter that occurred prior to the death of the ancestor who was the payee of the note. *Williams* v. *Riley, supra.*

But the question whether an action is a "suit by heirs founded on a contract with the ancestor," within the meaning of §522 Burns 1914, §499 R. S. 1881, when there is an administrator who has re-

6. fused to prosecute the action, and the heirs have given bond, under §2809 Burns 1914, (§1, ch. 220, Acts 1899 p. 504) as "persons interested in the estate," and are prosecuting the action solely on behalf of the estate as represented by this administrator, has never been decided, so far as we are informed. We do not think that such an action, in

which the recovery, if any, must be on behalf of the estate, as represented by the administrator, and in which an heir who has given the required bond undertakes to make proof on behalf of the estate only as a "person interested," precisely as any creditor might do, is to be governed by §522 Burns 1914, *supra*, which forbids heirs to testify in certain actions "by or against them." On the contrary, we hold that when heirs give the required bond, under §2809 Burns 1914, *supra*, as being "persons interested in the estate," and prosecute an action to recover on a demand due the administrator which he has abandoned, and on which he refuses to sue, the action must be deemed one "in which an executor or administrator is a party," within the meaning of §521 Burns 1914, *supra*. If this interpretation is adopted, it then follows that such heirs are competent witnesses on behalf of the estate as to matters which occurred in the lifetime of the deceased ancestor. *Walker, Admr.*, v. *Steele* (1889), 121 Ind. 436, 439, 22 N. E. 142, 23 N. E. 271; *Sallee* v. *Soules* (1907), 168 Ind. 624, 627, 81 N. E. 587; *Michigan Trust Co.* v. *Probasco, supra*.

No error was committed, therefore, in admitting the testimony of Elizabeth Clevenger and her husband, and of Benjamin Zehner and his wife, but, for the reasons stated above, the judgment must be reversed.

The judgment is reversed, with directions to sustain the motion for a new trial.