## HARRIS v. SECOND NATIONAL BANK OF HAMILTON, OHIO, EXECUTOR

[No. 469A68. Filed April 1, 1970. Rehearing denied May 7, 1970. Transfer denied October 6, 1970.]

*LeRoy A. Freiherr* and *Harry A. Rider, Rider and Freiherr,* Indianapolis, for appellant.

*Louis A. Weiland* and *Fred W. Hoffmark,* Indianapolis, and of counsel, *Thomas J. Faulconer,* Indianapolis, for appellee.

COOPER, J.—This matter comes to us from the Probate Court of Marion County, wherein the appellee, plaintiff below, brought this action against the appellant, defendant below, to recover assets allegedly belonging to the estate of Edith Weber, deceased. The complaint in two paragraphs alleged, first, that assets belonging to the decedent were wrongfully appropriated and converted to the use and benefit of appellant; that such funds were obtained by appellant through undue influence, duress, and fraud; and secondly, that the appellant received funds of the decedent as an agent of the dece-

dent, and used said funds for purposes other than for the decedent.

The appellant filed an answer in two paragraphs, the first directed to the first paragraph of the complaint, and the second directed to the second paragraph of the complaint, both paragraphs being in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana.

The cause, thus being at issue, was submitted to the court for trial, findings and judgment.

The trial court made its finding for the plaintiff for $18,-834.86 and costs, and entered its judgment thereon.

The appellant's motion for new trial alleged as error, in substance, the following: (1) the decision of the trial court is not sustained by the evidence; (2) the decision is contrary to law; (3) the damages assessed by the court are excessive; (4) error of law in the trial court's overruling of defendant's motion for a finding in its favor; (5), (6), and (7) error of law occurring at the trial in admitting into evidence certain testimony relating to matters occurring prior to the death of the decedent.

The assignment of error on appeal is that the trial court erred in overruling the motion for new trial.

The record reveals that the appellant, Edythe Harris, is the daughter of decedent, Edith Weber. From March 1962, until February 1966, decedent lived with and was cared for by appellant. Appellant managed decedent's personal and business affairs during this period and made certain withdrawals from decedent's bank account under a power of attorney executed by decedent. Upon the death of Edith Weber in February 1966, the appellee was duly appointed and qualified as the executor of her estate, and acting in that capacity filed its complaint against appellant to recover $45,393.39 allegedly belonging to the estate.

Appellant denies misappropriating decedent's funds and

claims that all money spent by her was with the knowledge and consent of the decedent.

Appellant argues that the decision of the trial court is contrary to law because it is not supported by sufficient evidence. Appellant states that the burden of proving that decedent's funds were secured through undue influence, duress and fraud, was on plaintiff-appellee. The appellant alleges that the appellee failed to establish by sufficient evidence any proof of conversion, and that the trial court decision was therefore erroneous.

It is a general rule of law that "It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on grounds that it is contrary to law." *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669.

Upon an examination of the record we note that there is conflict in the evidence. This court follows the recognized principle of law that it is the trial court's responsibility to resolve conflicting evidence. In the case of *Light et al.* v. *Lend Lease Transportation Co.* (1959), 129 Ind. App. 234, 243, 156 N. E. 2d 94, in which the court quoted from the earlier case of *Lowman* v. *Lowman* (1941), 109 Ind. App. 163, 33 N. E. 2d 780, we find the rule regarding conflict in the evidence stated as follows:

"Under the rules repeatedly laid down by this and the Supreme Court, it is our duty to determine whether there is evidence in the record to sustain the finding of the trial court; and where there is conflicting evidence, even in equity cases, this court will not determine the credibility of witnesses, nor will it weigh or determine the probative force of conflicting evidence to determine where the preponderance lies. It will only determine whether there is substantial evidence which fairly tends to establish all the material issues and sustain the decision." *Smith* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911; *Carpenter* v. *Carpenter* (1940), 108 Ind. App. 221, 27 N. E. 2d 889; *Allison*

472

v. *Boles* (1967), 141 Ind. App. 592, 230 N. E. 2d 784. (Tr. Den.)

After reviewing the record herein, we find that there was substantial evidence to support the decision of the trial court. We therefore cannot say that the trial court's decision was contrary to law.

Appellant further contends that the decision of the trial court was contrary to law because the appellee made no demand on the appellant for the alleged misappropriated funds prior to filing its complaint and thus had not performed a required condition precedent to this action.

The court, in *Butler* v. *Wolf Sussman* (1943), 221 Ind. 47, 50, 46 N. E. 2d 243, stated the law on the necessity of a demand as follows:

> "The general rule appears to be that replevin will not lie for property lawfully in the possession of another until a proper demand has been made for its delivery. *Lewis* v. *Masters* (1846), 8 Blackford 244; *Torian* v. *McClure* (1882), 83 Ind. 310. This rule is based upon the presumption which the law indulges that one who has lawfully come into possession of property which he is not entitled to retain will, upon demand, surrender it to the person entitled thereto and that he ought to be afforded an opportunity so to do without being subjected to the inconvenience and expense of a law suit. 54 C. J., Replevin, § 69b, p. 449." *Wood* v. *Cohen and Another* (1855), 6 Ind. 455; *Seibold* v. *Welch* (1922), 78 Ind. App. 238, 135 N. E. 258; *Garrison* v. *Miller* (1916), 62 Ind. App. 485, 112 N. E. 22.

In the *Hillel* v. *Julius H. Buettner Furniture and Carpet Company case*, (1916), 62 Ind. App. 481, 113 N. E. 12, the appellant's husband, prior to his death, purchased furniture on the installment plan; when the appellant's husband failed to make payments, the appellee-furniture company sued for replevin. The court, in ruling that no demand was necessary, stated at pages 484, 485:

> ". . . When the property was found in her [appellant's] possession, and default had occurred in the payments, her

right to retain the property under such original contract was terminated . . . when appellant removed the same into this state, without the consent of the owner, her act amounted to a conversion of the property and her possession in this state from that time became wrongful and no demand was necessary before bringing the suit. *A demand is not necessary except where a party has possession of the property of another lawfully, and a demand will make the possession unlawful.* (Our emphasis) *Cox* v. *Albert* (1881), 78 Ind. 241; *Deeter* v. *Sellers* (1885), 102 Ind. 458, 1 N. E. 854; *Haffner* v. *Barnard* (1890), 123 Ind. 429, 24 N. E. 152; *Hoover* v. *Lewin* (1914), 56 Ind. App. 367, 105 N. E. 400."

The facts of this case distinguished it from the general rule of law on demand as stated in *Butler* v. *Wolf Sussman, supra.* This case is analogous to the *Hillel* v. *Julius H. Buettner* case, *supra*, in that a demand was not necessary because the appellant herein had lost her legal right to possession of the decedent's property. The decedent, Edith Weber, during her lifetime, allowed the appellant to manage her affairs. When Edith Weber died, however, the appellant's lawful possession of the decedent's funds terminated. The assets of the decedent then passed to her estate under the control of the appellee as the executor thereof, who had the legal right to possession. Therefore, we find that no demand was required of appellee to appellant prior to filing this action under such circumstances.

The appellant next contends that the damages assessed by the trial court are excessive. We will not consider the merits of this alleged error in law because appellant has failed to argue this allegation or to cite any supporting authority, and is therefore deemed to have waived such alleged error. In the case of *Estate of Alexander* v. *Alexander* (1966), 138 Ind. App. 443, 447, 448, 212 N. E. 2d 911, this court stated:

"Specification number 3 in the appellant's motion for new trial is not sustained by cogent argument and the application of authorities in the appellant's brief. The appellant has stated only conclusions and has fallen far short of the

requirements under Supreme Court rule 2-17. See Flanagan, Wiltrout & Hamilton, § 2677, Indiana Trial and Appellate Practice, Pocket Parts 1963. There is therefore no question presented for our consideration in this appeal as to specification number 3."

\* \* \* \* \* \*

"A careful consideration of appellant's brief indicates that no argument is presented with respect to propositions 5, 8, 10 and 12 and the same are therefore deemed waived."

The appellant also contends that the trial court erred at law in overruling her motion for a judgment on the evidence in that appellee failed to make a *prima facie case*. This court deems appellant to have waived this alleged error of the trial court because the appellant presents no argument or authority to support this allegation. *Estate of Alexander* v. *Alexander, supra.*

Appellant next alleges error in the trial court's admitting into evidence the testimony of three devisees, John Weber, Evelyn Weber, and Helen Newman. The three devisees, children of decedent, testified concerning certain events which occurred during the lifetime of the decedent. Appellant alleges that Burns §§ 2-1714—1718 (1968 Repl.) prohibits such testimony. Burns § 2-1716, on which appellant's objection is specifically based, reads as follows:

"In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to, or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor. [Acts 1881 (Spec. Sess.), ch. 38, § 277, p. 240.]"

This action was brought by appellee as executor of the estate of Edith Weber, deceased, against the appellant herein. The three devisees, whose testimony is objected to by the appellant, were not parties in this action. Appellant contends, however, that the devisees are the real parties in interest in

this litigation because they will share in the decedent's estate; that this action is in effect between heirs or devisees; and therefore any testimony by the devisees concerning matters taking place in decedent's lifetime is inadmissible under Burns § 2-1716.

The case of *Richard* v. *Marshall County Trust and Savings Company* (1924), 195 Ind. 540, 548, 143 N. E. 152, involved a situation in which the heirs of the decedent were substituted for the administrator and filed a complaint to recover notes payable to decedent. The court, in ruling on whether the heirs could testify, stated:

> "We do not think that such an action, in which the recovery, if any, must be on behalf of the estate, as represented by the administrator . . . is to be governed by § 522 Burns 1914, *supra,* which forbids heirs to testify in certain actions 'by or against them.' On the contrary, we hold that when heirs . . . prosecute an action to recover on a demand due the administrator which he has abandoned, and on which he refuses to sue, the action must be deemed one 'in which an executor or administrator is a party,' within the meaning of § 521 Burns 1914, *supra.* If this interpretation is adopted, it then follows that such heirs are competent witnesses on behalf of the estate as to matters which occurred in the lifetime of the deceased ancestor. *Walker, Admr.* v. *Steele* (1889), 121 Ind. 436, 439, 22 N. E. 142, 23 N. E. 271; *Sallee* v. *Soules* (1907), 168 Ind. 624, 627, 81 N. E. 587."

In the *Michigan Trust Company* v. *Probasco* case (1902), 29 Ind. App. 109, 123, 124, 63 N. E. 255, the question was whether the legatees of plaintiff's decedent were competent to testify. The court, in ruling on whether a legatee is a party of record when a suit is brought by the administrator, stated:

> "In a suit by an administrator to collect assets belonging to the estate, the legatees or distributees are not necessary parties to the issue or the record. It is true a legatee may have an interest in the result of the suit, and that interest may be adverse to such estate, but that does not make him a necessary party to the issue. The same reasoning that would make him a necessary party would make each cred-

itor of the estate a necessary party to the issue, and incompetent as a witness. Parties to the issue must mean the parties between whom there is a controversy submitted to the court for trial; the parties who are litigating the particular controversy, and against one of whom, and in favor of the other, the court will render a judgment or decree. It cannot be said that because a person has an interest in the result of a suit he is a party to the issue. As we construe § 506 Burns 1901, the witnesses were not incompetent under that section."

The court went on to state:

"These witnesses were not incompetent because of § 507 Burns 1901, for the reason that this is not a suit between heirs, nor a suit by or against heirs founded on a demand against the ancestor." *Citizens State Bank, Executor, etc., et al.* v. *Kelley* (1959), 130 Ind. App. 376, 162 N. E. 2d 322 (Tr. Den. 1960); *Blasche et al.* v. *Himelick et al. Administrators* (1965), 140 Ind. App. 255, 210 N. E. 2d 378 (Reh. Den. 1965, 211 N. E. 2d 197; Tr. Den. 1967); *Newton, Administratrix* v. *Hunt* (1952), 122 Ind. App. 146, 103 N. E. 2d 445; *Lang, Executor* v. *Snapp* (1936), 103 Ind. App. 627, 4 N. E. 2d 587 (Reh. Den. 1937).

In *Baker* v. *State Bank of Akron* (1942), 112 Ind. App. 612, 622, 623, 624, 44 N. E. 2d 257 (Tr. Den. 1943), the executor filed an action to have set aside a deed to certain real estate and an assignment of stock and to recover money paid by decedent to defendant. The heirs and devisees were joined as co-plaintiffs with the executor. The defendant-appellants argued on appeal that the devisees were incompetent to testify as to matters occurring during the decedent's lifetime by reason of Burns § 2-1716. The court, in upholding the right of the devisees to give testimony, stated:

"If the action is an action properly brought by the executor to recover, as such, on behalf of the estate of its decedent, then it is clearly established by the decisions of this and the Supreme Court that the provisions of § 2-1715 will govern. *Michigan Trust Co.* v. *Probasco* (1902), 29 Ind. App. 109, 123, 63 N. E. 255; *Walker, Administrator* v. *Steel* (1890), 121 Ind. 436, 437, 22 N. E. 142, 23 N. E. 271; *Sallee* v. *Soules* (1907), 168 Ind. 624, 627, 81 N. E. 587; *Richard*

v. *Marshall County Trust, etc., Co., Admr.* (1924), 195 Ind. 540, 143 N. E. 152. But both the executor and the devisees and legatees under the will of the decedent were joined as parties plaintiff, and the purpose of the action was to recover the sum of $1,500 paid by the decedent to two of the defendants and to set aside and cancel an assignment of a certificate for corporate stock as well as a deed of conveyance for real estate, all of which were alleged to have been obtained from the decedent by fraudulent acts of the defendants (appellants). Whatever question may exist as to the right of the executor to maintain the action to cancel the deed of conveyance, there can be no doubt of its right to maintain, without joining the legatees or devisees as parties plaintiff, the action to cancel and set aside the assignment of the corporate stock and to recover the sum of $1,500. This corporate stock and this money, if recovered, would become assets of the estate under the control of and subject to distribution by the executor.

"An executor or administrator may maintain any appropriate action at law for the recovery of money and other personal assets of the decedent. Such actions to recover the personal estate or its value must be brought by the executor or administrator, and not by the heirs, legatees, or distributees. 21 Am. Jur., Executors and Administrators, § 904, p. 879."

\* \* \* \* \* \*

". . . The witnesses in question would have been competent as witnesses for the executor to testify concerning matters that occurred during the lifetime of the decedent, to support the action to set aside the assignment of corporate stock and to recover the sum of $1,500. Appellants' objection to the testimony of such witnesses did not seek to limit their testimony, but the objection went to their competency to testify as to any matter that occurred during the lifetime of the decedent. An objection to the competency of a witness to testify at all is properly overruled where the witness is competent to testify as to some matters. *Brown* v. *Grove* (1888), 116 Ind. 84, 18 N. E. 387, 9 Am. St. Rep. 823. The trial court did not err in overruling the objection to the competency of such witnesses."

The appellant contends that Burns § 2-1716, prohibits any testimony by heirs or devisees as to matters occurring during

478

the decedent's lifetime, regardless of whether these heirs and devisees are parties in the suit. To construe Burns § 2-1716, as appellant is urging would be too broad an interpretation of this statute. This court, in researching this question, can find no authority to support appellant's contention. Therefore, we cannot accept appellant's interpretation of the statute.

In the present case, this action was filed by the executor, not the heirs. The three heirs whose testimony appellant objects to are not parties within this suit. This fact distinguishes this case from *Jonas* v. *Hirshberg* (1907), 40 Ind. App. 88, 79 N. E. 1058, and *Emry, et al.* v. *Beaver* (1922), 192 Ind. 471, 137 N. E. 55, where, pursuant to Burns § 2-1716, the testimony of the heirs was held not to be competent. The fact that the heirs had an interest in the outcome of this case goes to the credibility of their testimony, but Burns § 2-1716, does not pertain to the matter of these witnesses' competency to give testimony under the facts of this case.

We therefore hold that the trial court did not commit reversible error by admitting into evidence the testimony of John Weber, Evelyn Weber, and Helen Newman.

By reason of all the foregoing, we conclude that no reversible error was committed, and we therefore must affirm the decision of the trial court.

Judgment affirmed. Costs v. Appellant.

Lowdermilk, C.J., and Carson, J., concur; Sullivan, J., not participating.

NOTE.—Reported in 256 N. E. 2d 594.