COLONIAL LIFE & ACCIDENT INSURANCE COMPANY
*v.* JAMES W. NEWMAN.

[No. 1071A217. Filed June 23, 1972. Rehearing denied October 24, 1973.
Transfer denied March 21, 1973.]

*C. Dickson Faires, Jr., White, Raub, Reis & Wick,* of Indianapolis, for appellant.

*Thomas F. Gibson, Jr., Miller, Gibson, Peden, Peters & McElfresh, Frank E. Spencer,* of Indianapolis, for appellee.

SULLIVAN, J.—This appeal by Colonial, the defendant-insurer, arises from a judgment for the plaintiff-insured, Newman, involves a dispute over the terms of a comprehensive accident

insurance policy issued by Colonial to Newman. The case was tried to the court without a jury.

At the time of the accident the policy in question provided in part as follows:

"The Company will pay the benefits named in this Section for any loss resulting directly, independently and exclusively of all other causes from bodily injuries effected solely through external and accidental means whether such injuries occur in the course of any occupation of employment, or otherwise."

The record discloses that the insured Newman, a truck driver, had been injured in a motor vehicle accident on December 10, 1968 in Long Island, New York while being shuttled from his occupational destination to a motel where he intended to spend the night. As a result, Newman was confined to bed for one week. Thereafter, the insured briefly returned to work. Severe neck, shoulder and back pains, however, rendered him physically unable to perform the duties required by his profession.

The policy benefit for such injury was $100.00 per month for the first twelve months of total disability and $50.00 per month thereafter for the next ten consecutive years of total disability.

Between December 10, 1968, the date of the accident, and sometime in the fall of 1969, the insured received $886.65 in benefit payments. Such payments however were terminated by Colonial upon the basis of information received to the effect that the insured's claimed disability was caused by a pre-existing arthritic condition rather than caused "directly, independently and exclusively of all other causes from bodily injuries effected solely through external or accidental means".

At the trial an orthopedic surgeon, who first saw the insured on April 14, 1970, testified on behalf of Newman, the insured. He concluded that the accident in question aggravated the insured's pre-existing osteoarthritis. He added that

the insured's condition was not symptomatic prior to the accident; that the industrial accident was a positive factor in all his symptoms; and that had the insured not been involved in an accident he "could still be driving a truck today."

The insured's other "treating" physician testified that he first saw the insured on December 12, 1968; that he estimated seeing the insured a "hundred or more times" in the two and one-half years last past; that based upon extensive tests conducted, the insured suffered from a degenerative arthritic condition which the doctor labeled as severe for a man 49, the age of the insured; that as to the degree of change caused by the accident he couldn't say; but that the accident did cause "a very great increase in pain and stiffness and loss of motion in his neck and back and shoulders." In the doctor's opinion, the insured was totally disabled.

A licensed orthopedic surgeon, upon his deposition put in evidence by Colonial, opined that the insured's inability to work was associated with the degenerative arthritis.

The court found that at the time of the accident; the insured was a healthy male adult with no apparent infirmities; that the accident in question triggered the insured's preexisting arthritic condition rendering him permanently disabled; that after paying Eight Hundred Eighty-six Dollars and 65/100 ($886.65), Colonial repudiated the contract. The trial court further, to avoid multiplicity of lawsuits to enforce the insured's right to recover Fifty Dollars ($50.00) per month for ten years, adjudged a lump-sum judgment for the insured in the amount of Six Thousand Three Hundred Sixteen Dollars ($6,316.00).

Appellant-Colonial assigns the following as error:

1. The trial court erred in awarding a lump-sum judgment inasmuch as the insured had not repudiated the insurance policy.

2. Liability in the instant cause was expressly excluded by the terms of the policy.

3. The trial court was in violation of TR. 52(A) when it set forth its conclusions without stating its reasons.

4. The trial court erred in awarding judgment for the plaintiff-insured based upon its special finding of facts and conclusions thereon.

5. The trial court erred in overruling the insurer's motion for a judgment on the evidence.

## TRIAL COURT DID NOT ERR IN AWRDING JUDGMENT IN LUMP SUM AMOUNT

Because of the kinship between assignments Nos. (1) and (2), we discuss those assignments under a single heading.

Focusing our attention initially on Colonial's brief, we note regrettably that counsel's argument section of his brief files in the face of AP. 8.3(A)(7). The rule is designed to convenience our consideration of the merits of the cases before us. Although we have chosen to proceed to the merits in the instant cause based upon counsel's good faith effort to amend his brief, it should well be noted that failure to conform to the rules of appellate procedure, as here, constitutes grounds for affirmance. Where proper procedure is ignored or overlooked the hazard does not lie solely in the fact that a discourtesy is exhibited to this court, but more importantly it chokes and possibly extinguishes the right of a litigant to present the merits of his case. We, therefore, urge that deference be given to the procedure of this court for the benefit of the bench, the practicing bar, and the citizenry represented in the courts of this state.

Indiana decisional law dictates that where liability has attached under a contract of insurance, but where liability has been denied by the insurer, the insured may treat the contract as repudiated and may pursue his remedy to recover all that is due him in a single suit on a lump-sum basis. *Cf. Prudence Life Ins. Co.* v. *Morgan* (1965), 138 Ind. App. 287, 213 N. E. 2d 900; *Illinois*

*Bankers Life Ass'n.* v. *Armstrong* (1934), 100 Ind. App. 696, 192 N. E. 901. The dispositive issue under assignment No. (1) therefore is whether liability had attached in the first instance.

Colonial contends that there can be no liability in the light of the undisputed facts as applied to the language contained in the policy. In other words the insurer says that the insured's pre-existing arthritis caused him to become symptomatic which excluded the insured from coverage, i.e., the injury to the insured was not "directly, independently, and exclusively" caused by the accident in question.

We disagree. Under the heading "Required Provisions", the policy provides:

"TIME LIMIT ON CERTAIN DEFENSES: * * *

No claim for loss incurred or disability (as defined in the Policy) commencing after two years from the date of issue of this Policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this Policy."[1]

The record indicates that the insured first took out this policy no later than 1964. Thereafter, premiums were paid monthly by payroll deduction. Nowhere in the policy can we find, nor has Colonial pointed out, any language specifically excluding the insured's degenerative arthritis from coverage.

Colonial argues that the language in question is a standard provision required by the Indiana Legislature;[2] that although said provision must be incorporated into a policy of this type, the provision does not apply to "pure accident" policies; and that therefore there is no application of the standard provision to the case at bar. In response to such argument, suffice it to say, that based upon

___

1. See IC 1971, 27-8-5-3, Ind. Ann. Stat. § 39-4253 (Burns 1965) (having been amended to read "three (3) years").

2. *Id.*

the provision hereinbefore set out, liability did attach. Colonial cannot now exculpate itself based upon the specious and implausible argument that because Colonial *was bound by law* to insert a given liability provision in a contract of insurance, such provision has no application to the issue of liability.

Because liability did attach, we hold that the trial judge did not err in awarding judgment in a lump-sum amount.

## TRIAL RULE 52(A) DOES NOT REQUIRE TRIAL JUDGE TO SET FORTH REASONING IN SUPPORT OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

Colonial admits that rule TR. 52(A) does not specifically require the court upon motion to state its reasoning when setting forth both facts specially found and conclusions of law. Colonial nevertheless argues that not to require the trial judge to set out its reasoning tying the facts to the conclusions renders an understanding of the final judgment impossible. No authority is cited for this assertion save a misinterpreted statement from 3 HARVEY, INDIANA PRACTICE § 52.1 at 425-26, wherein the author states:

> "One of the principal reasons and purposes of the provision is to have the record show the basis of the trial court's decision so that on review the appellate court may more readily understand the former's view of the controversy. And of course findings of fact will make definite just what was decided when in the future questions of estoppel or res judicata may be raised."

We do not glean from this statement, as Colonial would have it, that in addition to facts specially found the trial judge must state how or why he so found and concluded. Rule TR. 52(A) makes no such mandate. In the case before us, the trial judge complied with the rule by making special findings and stating conclusions. No more is required or contemplated by the controlling procedural rule.

## SUFFICIENT EVIDENCE SUSTAINS DECISION OF THE TRIAL COURT

Under assignments Nos. (4) and (5), Colonial argues essentially that the facts in evidence do not support the judgment. The insured, citing Rule AP. 8.3(A)(7), has suggested that Colonial has waived these assignments for failure to cite any authority upon which such argument is based. As in *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N. E. 2d 172, we do not herein decide that argument of an assignment of error, which in substance alleges that the decision below is not supported by the evidence, must in all instances be based upon cited legal authority.[1] Nonetheless, under such assignment, it is not incumbent upon us to weigh the probative effect of whatever evidence might be conflicting in order to determine whether the judgment appealed from is sustained by a preponderance of the evidence. We need only decide whether there is substantial evidence to sustain that judgment. *Harris* v. *Second National Bank of Hamilton, Ohio* (1970), 146 Ind. App. 468, 256 N. E. 2d 594. Based upon our consideration of assignments Nos. (1) and (2) hereinbefore discussed, we are convinced that the judgment below is supported by substantial evidence. Specifically, we refer to the policy provision entitled "Time Limit on Certain Defenses" earlier quoted which sufficiently establishes the attachment of liability in this cause.

The judgment is affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 284 N. E. 2d 137.

---

1. Specification such as here involved are particularly unsusceptible to binding or persuasive support in case law or textual treatment. Even the most naive law student is aware of the ease with which case authorities are properly distinguished upon their facts. See *McClure* v. *Austin* (June 15, 1972), 152 Ind. App. 398, 283 N. E. 2d 783, quoting from *Cheek* v. *Hamlin* (1972), 150 Ind. App. 681, 277 N. E. 2d 620.

## ORDER UPON PETITION FOR REHEARING

The appellant on July 13, 1972 filed its Petition for Rehearing, together with a Brief in support thereof, and its Motion for Oral Argument. Said Petition alleges that the opinion decision of this Court heretofore rendered on June 23, 1972 is erroneous in that:

"1. It contains an erroneous statement of the Indiana law in regards to repudiation of a contract;

"2. Colonial Life did *not repudiate* the insurance *contract*, and, therefore, Newman is not entitled to recover future periodic payments on a lump sum basis; and

"3. Colonial Life is *not liable* to Newman, and, therefore, Newman is not entitled to recover the judgment rendered in the sum of Six Thousand Three Hundred Sixteen Dollars ($6,316.00), plus costs."

And the Court, being duly advised, now finds that appellant's said Motion for Oral Argument and Petition for Rehearing should be denied.

IT IS THEREFORE ORDERED that appellant's said Motion for Oral Argument and its Petition for Rehearing be, and the same are hereby denied.

ORDERED, this 24th day of October, 1972.

George B. Hoffman, Jr., Chief Judge.


## PER CURIAM MEMORANDUM OPINION UPON PETITION FOR REHEARING

In the decision and opinion of this court as reported in 284 N. E. 2d 137, the following holding was enunciated which gives rise to the assertions made by appellant in its Petition for Rehearing:

"Indiana decisional law dictates that where liability has attached under a contract of insurance, but where liability has been denied by the insurer, the insured may treat the

contract as repudiated and may pursue his remedy to recover all that is due him in a single suit on a lump-sum basis. *Prudence Life Ins. Co.* v. *Morgan* (1966), 138 Ind. App. 287, 213 N. E. 2d 900; *Illinois Bankers Life Ass'n.* v. *Armstrong* (1934), 100 Ind. App. 696, 192 N. E. 901."

We therefore deem it appropriate to render the following clarification:

Where liability has been denied by reason of an honest dispute concerning facts which constitute a condition precedent to the insurer's duty to pay benefits pursuant to terms of a policy of insurance, repudiation will not be found. *The Prudence Life Insurance Company* v. *Morgan* (1966), 138 Ind. App. 287 at 304, 214 N. E. 2d 900. Under such circumstance, recovery for future benefits will not be allowed in a total lump-sum amount. On the other hand, an action for total future benefits may be maintained where there has been a total breach of performance. In such instance the contract will be said to have been repudiated. Corbin, Contracts (1951), § 969. Thus, if the insurer's denial of liability goes "to the essence" of the agreement and amounts to a "frustration of the ends it was expected to subserve," the contract may be treated as repudiated, good faith and good intentions of the insurer notwithstanding. *New York Life Ins. Co.* v. *Viglas* (1936), 297 U.S. 672, 56 S. Ct. 615.

In the case before us, the denial of liability based upon the defense of "pre-existing condition" coupled with Colonial's attempted self-exoneration from the effect of the statutory time limit on certain defenses (I.C. 1971, 27-8-5-3, Ind. Ann. Stat. § 39-4253 (Burns 1965)), constitutes a sufficient deprivation of the basis of Colonial's bargain with Mr. Newman to require that the contract be treated as totally breached. Such does not, to us, amount to a refusal to pay based upon mere mistake or misunderstanding. *Cf. Mobley* v. *New York Life Ins. Co.* (1935), 295 U.S. 632, 55 S. Ct. 876.

Note.—Reported in 288 N. E. 2d 195.