Simmons *et al. v.* Beazel, Executor, *et al.*

No. 15,433.

## SIMMONS ET AL. *v.* BEAZEL, EXECUTOR, ET AL.

APPEAL.—*From Proceeding Instituted for Construction of Will.—Not Governed as to Time by Decedents' Act.*—An appeal from a proceeding instituted by an executrix against the heirs and legatees of the decedent to have the will construed is not governed as to the time of taking the appeal by the provisions of the decedents' act.

WILL.—*Disposition of Real Estate.—Subsequent Sale.—Proceeds.—Bequest of Personal Property.— Wife's Legacy.*—A testator directed that certain real estate should be sold and a disposition of the proceeds made. Afterwards he conveyed said real estate, and at the time of his death held certain promissory notes, a part of the proceeds arising from the conveyance. The first clause of the will read thus: "I give and bequeath to my wife all the personal property which I may own at my death."

*Held,* that the notes given for the real estate and held by the testator at the time of his death passed to the widow under said clause, and became a part of the wife's legacy.

SAME.—*Subsequent Conveyance of Devised Real Estate.—Provision of Will Rendered Inoperative Thereby.*—Where a testator disposes of real estate, and thereafter conveys it, the provisions of the will relating thereto are rendered inoperative.

From the Noble Circuit Court.

*P. V. Hoffman* and *F. P. Bothwell,* for appellants.

*L. D. Fleming* and *R. W. McBride,* for appellees.

BERKSHIRE, C. J.—This was a proceeding commenced by Nancy Simmons, executrix of the last will of Jonathan Simmons, against the heirs and legatees of the decedent to have the testator's will construed.

After issue joined there was a trial, and, at the instance of the parties, the court made a special finding. The appellants excepted to the court's conclusions of law, after which the court rendered judgment.

A preliminary question to the consideration of the questions involved in the appeal is raised by a motion to dismiss the appeal. The contention is that the appeal is governed by the provisions of the decedents' act, and was, therefore, not taken in time. We think otherwise. It falls within

the rule declared in *Koons* v. *Mellett,* 121 Ind. 585. There is but one error assigned, which is error committed by the court in its conclusions of law.

After the rendition of said judgment, but before this appeal, the executrix, Nancy Simmons, departed this life testate, and the appellee Alvin Beazel had been appointed her executor, and said executor and his co-appellee being the only persons having an adverse interest to the appellants, were served with notice of the appeal, and they appear as the appellees thereto.

In items four and five of the will of the testator, Jonathan Simmons, certain real estate was directed to be sold and a disposition of the proceeds arising therefrom made. Afterwards the testator conveyed said real estate, and at the time of his death held certain promissory notes, a part of the proceeds arising from said conveyance, and the question is whether said notes passed by clause one of said will to his widow, it being the contention of the appellants that as to said notes the testator died intestate.

On the 5th day of July, 1881, the said testator executed his will as follows:

" In the name of God, Amen, I, Jonathan Simmons, of Ligonier, Noble county, Indiana, do make and publish this as my last will and testament:

" Item 1st. I give and bequeath to my beloved wife all the personal property which I may have at my death.

" Item 2d. I give and devise to my beloved wife lot numbered twenty-two, in Chapman's addition to the town of Ligonier, in Noble county, Indiana, during her natural life.

" Item 3d. It is my desire that my just debts, including my last sickness and funeral expenses, be paid by my wife out of my personal property, which shall include all my growing crops and crops on hand, and notes, save such as I hold against my own children, which notes shall be treated as advancements, and be deducted out of their respective shares.

"Item 4th. It is my desire that as soon after my death as possible my executrix shall sell all of my real estate except lot numbered twenty-two, in Chapman's addition to Ligonier, upon such time and terms as may seem to him or her for the best interest of my heirs, and out of the sale of the said real estate there shall be paid to my beloved wife the sum of three thousand dollars, which sum of three thousand dollars shall be paid to her out of the first payment made thereon.

"Item 5th. The balance that may remain of my real estate after paying my said wife the sum of three thousand dollars, shall be equally divided between my children or their heirs, share and share alike, first deducting from their respective shares the sum or sums already advanced by me.

"Item 6th. At the death of my said wife lot numbered twenty-two, in Chapman's addition to Ligonier, I shall give and devise to my children or their heirs, share and share alike.

"Item 7th. I do hereby appoint my wife, Nancy Simmons, executrix of this, my last will and testament, with full power to do and to act as such executrix."

Then follows the formal conclusion usually found in such writings.

On the 28th day of July, 1883, the testator added the following codicil to his will:

"I do hereby give and devise to my beloved wife the lot on which we live, to wit, lot numbered fifty-seven, in the original plat of the town of Ligonier, in Noble county, Indiana, during her natural life, and at her death the same shall go to my heirs, share and share alike, as set forth in the will."

In view of the conclusion which we have reached, it does not become necessary to consider the question as to whether the will disposed of all of the real estate held by the testator at the time of his death not otherwise disposed of, or only such as he owned when the will was executed. But, see *Sturgis* v. *Work*, 122 Ind. 134.

The real estate which he owned at the date of the codicil was the only real estate of which he died the owner, and the codicil disposed of such as was not expressly devised by the original will.

The provisions of the will relating to the real estate owned by the testator when he executed the original will, and thereafter conveyed, were by such conveyance rendered inoperative.

It is evident from the terms and conditions of the original will, and the codicil as well, that it was the intention of the testator to dispose of his entire estate.

Had the conditions remained unchanged after the execution of the original will until the testator's death, there can be no question but that the provisions of the will would have carried the entire estate.

Whether lot numbered fifty-seven, in Ligonier, which he acquired after the execution of the original will, would have fallen under the provisions found in clauses four and five therein, is not material, for the reason that by the codicil this after-acquired real estate was devised in a different direction.

The first clause of the will gave to the widow all of the personal estate of which the testator might die the owner.

There can be no mistake as to the intention of the testator as expressed in this item of the will.

We will quote it again, and emphasize it:

" I give and bequeath to my beloved wife *all the personal property which I may have at my death.*"

This language is broad enough and emphatic enough to cover his personal estate of every kind, and derived from whatever source.

Had the testator increased his personal estate in any other manner than by the sale of his real estate after the execution of his will, there can be no question but that all that he possessed at the time of his death passed to his widow subject to the demands of creditors under the first clause of the

will. There is no contention to the contrary, and can be none.

If this is so we can discover no sufficient reason for excluding the proceeds of the real estate sold.

The testator was at liberty to dispose of his property, real and personal, notwithstanding his will. When he disposed of the real estate, or any of it, the portions of the will relating thereto were annulled ; the conditions were the same as they would have been had such real estate not been mentioned therein.

Suppose when the original will was executed the fourth and fifth clauses therein had been omitted, and suppose, further, that the testator had died without disposing of said real estate ; as to it he would have died intestate, and it would have descended under the law to his lawful heirs. But if we suppose that clauses four and five had been omitted from the will, and thereafter (as he did do) the testator had converted the real estate therein referred to into money, it seems to us that there can be no question but that the widow would have taken the same under clause one of the will. Indeed, the will might have been executed in the form supposed with a view to a sale of the real estate and a disposition of the proceeds under said first clause.

The broad and emphatic language of the testator is not open to construction. It disposed of all of his personalty, and the other portions of the will of all of the testator's real estate.

We are of the opinion that there can be no question but that the notes given for the real estate, and held by the testator at the time of his death, were a part of the wife's legacy.

We find no error in the record.

Judgment affirmed, with costs.

Filed Oct. 11, 1890.