## BOARD OF COMMISSIONERS OF THE COUNTY OF MARION *v.* RYAN.

[No. 22,796.    Filed November 4, 1915.]

APPEAL.—*Presenting Questions for Review.—Briefs.*—Where the assignment alleges a number of errors that are relied on for reversal, and appellant's brief, under points and authorities, contains merely a series of abstract statements of law, supported by authorities, and disclosed no attempt to apply such propositions to any particular assignment of error, there is a total failure to comply with Rule 22, clause 5, and no question is presented for review.

From Superior Court of Marion County (83,441); *John J. Rochford*, Judge.

Action by William S. Ryan against the Board of Commissioners of the County of Marion. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Ernest T. Brown*, for appellant.
*Walker & Hollett*, for appellee.

SPENCER, C. J.—This is an appeal from a judgment of the Marion Superior Court sustaining appellee's claim against Marion County for services rendered in examining a series of abstracts of title to real estate which was offered as security for certain loans from the common and congressional school funds.

Appellant's assignment of errors contains nine alleged grounds for a reversal of the judgment herein and at least three of said grounds are relied on in appellant's brief. Under the heading of "Points and Authorities", said brief contains a series of abstract statements of law, supported by authorities, which have reference to certain limitations on the powers of boards of county commissioners and to the proper method of providing their acts. No attempt is made, however, to apply these propositions to any particular as-

signment of error and in this respect appellant's brief wholly fails to comply with clause 5, Rule 22, of the rules of this court. *Weidenhammer* v. *State* (1914), 181 Ind. 349, 103 N. E. 413, 104 N. E. 577, and cases cited. No question, therefore, is properly presented for our consideration and the judgment of the trial court must be and is, affirmed.

NOTE.—Reported in 110 N. E. 58. See, also, 3 C. J. 1409; 2 Cyc. 1014.