## HOUCK, EXECUTOR, ET AL. v. McCOY, TRUSTEE, ET AL.

[No. 22,758. Filed December 22, 1916.]

APPEAL.—*Briefs.—Requisites and Sufficiency.—Rules of Court.*— Under Rule 22 of the Supreme Court, requiring that appellant's brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely, and without argument or elaboration, together with the authorities relied on to support them, where appellants assigned various separate allegations of error in the proceedings below as cause for reversal of the judgment, and in that portion of the brief devoted to "Points and Authorities" set out numerous separately numbered propositions of law which are stated in abstract form and with no attempt to apply them to any of the several assignments of error, there is a failure to comply with the rule and no question is presented for review, thus necessitating the affirmance of the judgment; especially where, after the omission was pointed out by appellee's answer brief, the appellants made no effort to amend their original statement of points and authorities, and in their reply brief made no contention that there was a good-faith effort to comply with such rule.

From Pike Circuit Court; *John L. Bretz*, Judge.

Action by John R. McCoy, trustee of the estate of Elmer G. Devin and others against James A. Houck, executor of the estate of Nancy Devin, deceased, and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Bachelder & Bachelder, Harvey Harmon* and *Richardson & Taylor*, for appellants.

*O. M. Welborn*, for appellees.

SPENCER, J.—This action was instituted by appellee John R. McCoy, as trustee of the estate of Elmer G. Devin, to secure a construction of the last will and testament of Nancy Devin, deceased, as to certain bequests therein made. The facts in issue were found specially by the trial court, and its conclusions of law, stated thereon, serve as a basis for the judgment from which this appeal is taken.

In support of their contention that said judgment should be reversed, appellants have assigned and rely on nine separate allegations of error in the proceedings below. One of these assignments challenges the action of the circuit court in overruling appellants' motion for a new trial, which motion contains seventeen grounds. Under the heading of "Points and Authorities" appellants' principal brief sets out twenty separately numbered propositions of law, which are stated in abstract form and with no attempt to apply them to any of the several assignments of error. This failure to comply with Rule 22 of this court is pointed out and relied on by appellees in their answer brief, but appellants have made no effort to amend their original statement of points and authorities, and in their reply brief they make no contention that there was a good-faith effort to comply with the above rule. Since no question is properly presented for our consideration (*Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913), the judgment of the trial court must be affirmed, and we need not pass on appellees' motion to dismiss the appeal.

Judgment affirmed.

NOTE.—Reported in 114 N. E. 437.