THOMAS *v.* DAVIS, ADMINISTRATOR.

[No. 9,798.    Filed April 26, 1917.]

1. APPEAL.—*Time of Filing Transcript.*—Under §2978 Burns 1914, Acts 1913 p. 65, providing, relative to appeals from decisions in matters connected with a decedent's estate, that the appeal bond shall be filed within thirty days after judgment and the transcript within ninety days after filing the appeal bond, appellant has 120 days to file the transcript, even though the appeal bond is filed within less than thirty days from the date of judgment. p. 379.

2. APPEAL.— *Briefs.— Sufficiency.— Specification of Error.*—To present a question for review on appeal, the briefs must be sufficient to inform the court of the rulings relied on for reversal and assigned as error, and where appellant's briefs, under a general heading of "Errors Relied on for Reversal," states a number of propositions, none of which could be independently assigned as error, but which were, in fact, grounds for a motion for a new trial, the briefs are insufficient in the absence of a showing that the overruling of such motion is error relied on. p. 379.

3. APPEAL.—*Briefs.—Sufficiency.*—Abstract propositions in the points and authorities of appellant's brief which are not specifically applied to any assigned error, present no question for review. p. 380.

From Lake Circuit Court; *W. C. McMahan*, Judge.

Action between Anna Thomas and Edwin C. Davis, administrator. From the judgment rendered, the former appeals. *Affirmed.*

*Herbert S. Barr* and *Fred M. Grimmer*, for appellant.
*Edwin C. Davis, Otto J. Bruce* and *W. Vincent Youkey*, for appellee.

FELT, C. J.—The appellee has moved to dismiss this appeal for the following reasons, viz.: (1) The transcript was not filed in this court in ninety days from the time the appeal bond was filed; (2) the transcript is not duly authenticated by the certificate of the clerk; (3) the briefs of appellant do not comply with the rules of the court in the following particulars: (a) the errors assigned are not set forth in the briefs; (b) no points or authorities are presented under any error assigned by appellant.

There was no application for an extension of the time in which to perfect the appeal, but by order of this court the transcript was filed as of the date of October 26, 1916. The judgment from which the appeal was prayed was rendered on June 28, 1916, and the appeal bond was filed on July 25, 1916. The parties agree that the appeal is governed by §§2977, 2978 Burns 1914, Acts 1913 p. 65.

Appellee contends that the transcript must have been filed within ninety days from July 25, the day on which the bond was actually filed. Appellant contends

1. that he has full 120 days from the rendition of the judgment and that the filing of the bond prior to the last day on which it may be filed under the statute does not shorten the time within which the transcript may be filed. This contention seems reasonable and is supported by authority. *Simons* v. *Simons* (1891), 129 Ind. 248, 28 N. E. 702.

Appellant has wholly failed to set out in her briefs the errors relied on for reversal or the substance

2. thereof, or in any way to show by her briefs what, if anything, she has assigned as error.

Under a general heading of *"Errors Relied on for Reversal,"* appellant states several propositions, none of which could properly be an independent assignment of error. By a liberal construction of the briefs it appears that such statements were in fact the grounds of a motion for a new trial and, if it appeared from the briefs that the overruling of such motion had been assigned as error, they might be so considered, but it nowhere appears from the briefs that the overruling of the motion for a new trial is the error relied on for reversal of the judgment.

The assignment of errors is the complaint on appeal and the briefs must be sufficient to inform the court of the rulings relied upon and assigned as errors, or no question is duly presented for consideration on appeal. *Schrader* v. *Meyer* (1911), 48 Ind. App. 36, 95 N. E. 335; *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860; *Griffith* v. *Felts* (1912), 52 Ind. App. 268, 99 N. E. 432; *Harold* v. *Whistler* (1915), 60 Ind. App. 504, 111 N. E. 79; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 274, 86 N. E. 49; *American Fidelity Co.* v. *Indianapolis, etc., Fuel Co.* (1912), 178 Ind. 133, 98 N. E. 709; *Beck* v. *Goar* (1913), 180 Ind. 81, 86, 100 N. E. 1.

The statement under "Points and Authorities" are general abstract propositions which are in no way specifically applied to any error assigned and relied

3.    on for reversal; therefore the briefs present no question that can be considered. *Palmer* v. *Beall* (1915), 60 Ind. App. 208, 110 N. E. 218; *Board, etc.* v. *Ryan* (1915), 183 Ind. 664, 110 N. E. 58; *Harvey* v. *French* (1915), 183 Ind. 665, 110 N. E. 62; *American, etc., Tin Plate Co.* v. *Yonan* (1915), 59 Ind. App. 700, 703, 109 N. E. 922; *German Fire Ins. Co.* v. *Zonker* (1914), 57 Ind. App. 696, 702, 108 N. E. 160.

It appears from the briefs that the jury returned

a verdict for appellee and that judgment was rendered on the verdict. All presumptions are in favor of the action of the trial court. No error being shown, and the time for taking an appeal having expired, the judgment should be affirmed. Judgment affirmed.

NOTE.—Reported in 115 N. E. 961.