## SEIBOLD v. WELCH.

[No. 11,216.   Filed April 26, 1922.]

1. APPEAL.—*Questions Presented.—Exclusion of Evidence.— Failure to Show Offer to Prove.*—No question is presented for review on appeal as to alleged error in the exclusion of evidence where the record fails to show that any offer to prove was made in the trial court in connection with the questions excluded. p. 240.

2. APPEAL.—*Questions Presented.—Exclusion of Documentary Evidence.—Failure to Include in Record.*—Alleged error of the trial court in refusing to receive in evidence pages of a certain docket cannot be reviewed on appeal, where the offered pages do not appear in the record, and statements of counsel as to their competency made when the pages were offered will not suffice. p. 240.

3. JUDGMENT.—*Judgment in Criminal Action.—Proof of Facts upon which Rendered.—Admissibility of Judgment.*—A judgment in a criminal action is inadmissible for the purpose of establishing the facts upon which it was rendered. p. 241.

4. REPLEVIN. — *Demand.* — *Necessity.* — Where possession was rightful at its inception, a demand must precede an action in replevin, but where the possession is wrongful from the beginning no demand is necessary. p. 241.

5. REPLEVIN.—*Demand.—Necessity.—Possession Taken Wrongfully.*—In an action to recover possession of an automobile, where the evidence tended to show that defendant bought the automobile from plaintiff's wife with knowledge that she and plaintiff were living apart and had a divorce suit pending, and there was a dispute between them as to the ownership of the automobile, an inference that defendant was not a *bona fide* purchaser was warranted, so that plaintiff was not required to make a demand for possession before commencing his action, defendant's possession being wrongful from its inception. p. 241.

6. ESTOPPEL.— *Pleading.— Necessity.—* In an action to recover possession of an automobile purchased by defendant from plaintiff's wife, the fact that plaintiff, a few days prior to the sale, made an affidavit that all of his property consisted of a stock

of merchandise did not estop him from showing that defendant was not a *bona fide* purchaser, even though defendant had knowledge of the making of the affidavit and the circumstances under which it was made entitled him to rely thereon, where he failed to plead such fact by way of estoppel.  p. 243.

7.  APPEAL.—*Review.—Evidence.— Sufficiency.— Verdict.— Conclusiveness.*—Where there is some evidence of every fact essential to plaintiff's right of recovery, the jury's finding in his favor is conclusive on appeal, although the evidence as to some particular fact may be strongly contradicted and not entirely satisfactory.  p. 243.

8.  APPEAL.—*Briefs.—Waiver of Error.*—Where specifications of error set out in the motion for new trial are only referred to in the propositions or points in appellant's brief by numbers, followed by unapplied abstract propositions of law, no question is presented as to such specifications, and any error therein is waived.  p. 243.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by George H. Welch against George A. Seibold. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Frank J. Belot* and *Edward W. Meyers,* for appellant. *Colerick & Hogan,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant and others to recover the possession of an automobile which appellant claims to have purchased of Marie L. Welch, who was at the time the wife of appellee.  The amended complaint on which the cause was tried is in a single paragraph, to which appellant filed an answer in general denial.  The cause was submitted to a jury for trial resulting in a verdict and judgment in favor of appellee.  Appellant sought a new trial, but his motion therefor was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellant predicates error on the action of the court in refusing to permit the introduction of certain evi-

dence offered by him.   The record discloses that appellee had possession of the automobile in question while he and his wife were living separate and apart by reason of an estrangement growing out of domestic trouble; and that during such time appellee's wife took possession of the same without his consent and sold it to appellant.   During the progress of the trial appellant sought to prove that appellee's wife had been prosecuted for larceny because she took possession of the automobile under the circumstances stated, and that she was acquitted of such charge.   He first complains that he was not permitted to prove by appellee's wife that she was arrested for petit larceny, but the record shows that in response to a question in that regard she answered, "Yes sir, I was arrested for stealing my car."   This answer was never withdrawn or stricken out, and hence appellant's complaint is not well grounded.

He next complains of the court's refusal to permit him to ask the witness Jeffries a certain question with reference to a prosecution against appellee's wife for grand larceny, but the record fails to show that he made any offers to prove in connection with such question.   This renders his complaint in that regard unavailing.   *Beck* v. *Miller* (1918), 69 Ind. App. 1, 121 N. E. 281.   His final complaint in this connection is based on the action of the court in refusing to permit him to introduce in evidence two pages of a certain record, identified as docket No. 23 of the city court of Fort Wayne, Indiana.   These offered pages, however, do not appear in the record, and hence we cannot pass upon a question involving their competency, as the statements of counsel in that regard, made to the court at the time they were offered in evidence, will not suffice.   *Bensch* v. *Farnsworth* (1893), 9 Ind. App. 547, 34 N. E. 751, 37 N. E. 284; *Lautman* v. *Pepin* (1901), 26 Ind. App. 427, 59 N. E. 1073; *Johnson* v. *Zimmerman* (1908), 42

Ind. App. 165, 84 N. E. 541; *Musser* v. *State* (1901), 157 Ind. 423, 61 N. E. 1. But had said pages of the docket been made a part of the record, and thus

3. disclosed the facts stated by counsel at the time they were offered in evidence, still we would be compelled to sustain the ruling of the trial court in denying the admission of the page first offered, under the well established rule, that a judgment in a criminal action is not admissible for the purpose of establishing the facts upon which it was rendered. 15 R. C. L. 1000; 23 Cyc 1348; *In re O'Brien* (1921), (Vt.) 113 Atl. 527, 14 A. L. R. 859; *Fonville* v. *Railway Co.* (1912), 93 S. C. 287, 75 S. E. 172; *Stone* v. *United States* (1896), 167 U. S. 178, 17 Sup. Ct. 778, 42 Law Ed. 127; *Seaboard Air-Line Railway* v. *O'Quin* (1905), 124 Ga. 357, 52 S. E. 425, 2 L. R. A. (N. S.) 472; *Wingrove* v. *Central Pa. Trac. Co.* (1912), 237 Pa. St. 549, 85 Atl. 851; *Myers* v. *Casualty Co.* (1907), 123 Mo. App. 682, 101 S. W. 124. It would also have appeared that the exclusion of said second page was fully justified on the ground of its immateriality.

Contention is made that the verdict is not sustained by sufficient evidence. It is urged, among other things, that there is a failure to show that any demand

4, 5. was made for the possession of the automobile before this action was commenced. The settled rule in this regard is, that where the possession was rightful at its inception, a demand must precede an action in replevin, but where the possession is wrongful from the beginning no demand is necessary. *Hoover* v. *Lewin* (1914), 56 Ind. App. 367, 105 N. E. 400; *Hillel* v. *Julius H. Buettner Furn. Co.* (1916), 62 Ind. App. 481, 113 N. E. 12. Under this rule it has been held, that a *bona fide* purchaser of personal property from a wrongful taker is not liable in an action for

replevin by the lawful owner, without a demand is first made. *Ledbetter* v. *Embree* (1895), 12 Ind. App. 617, 40 N. E. 928. In the instant case there is evidence tending to show, that while appellee had possession of the automobile in question appellant spoke to him about buying it, but was informed that it was not for sale; that appellant knew that appellee and his wife were living apart, and had a divorce suit pending; that he knew from a conversation in his presence between appellee and his wife, that there was a difference existing between them with reference to the ownership of the automobile, and also had such information from another source; that within a few days after he obtained such knowledge, he purchased the automobile from appellee's wife, after she had taken the same, without appellee's consent, from the garage where he kept it. It has been frequently held, that where one has knowledge of facts sufficient to excite the attention of a person of ordinary prudence and to put him on further inquiry, he is required to make such inquiry in good faith and with diligence, and, in the absence of so doing, he will be chargeable with the knowledge of the particular fact which such inquiry would have revealed. *Sovereign Camp, etc.*, v. *Latham* (1915), 59 Ind. App. 290, 107 N. E. 749; *Cleveland, etc., R. Co.* v. *Moore* (1907), 170 Ind. 328, 82 N. E. 52, 84 N. E. 540. We are of the opinion that the facts stated above are sufficient to warrant the jury in drawing an inference, that appellant was not a *bona fide* purchaser of the automobile in question, under the rule just stated. In that event his possession would have been wrongful from its inception and no demand was necessary, under the allegations of the complaint, that the automobile had been wrongfully taken and was unlawfully detained by appellant. *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 100 N. E. 1062.

Appellant, in support of his contention we are now

considering, cites the fact that the evidence shows that a few days before he purchased the automobile, 6. appellee made an affidavit that he was a resident householder of Indiana, and that all of his property consisted of a stock of merchandise, which did not exceed $200 in value.   However, he has not pleaded such fact by way of an estoppel, and therefore could not insist that it be given such effect, even if it appeared that appellant had knowledge thereof at the time he purchased the automobile of appellee's wife, and that it had been made under such circumstances as entitled him to rely thereon.   *Southern Products Co.* v. *Franklin Coil Hoop Co.* (1914), 183 Ind. 123, 106 N. E. 872.   The evidence, however, fails to show any such knowledge or circumstances, and hence the affidavit must be treated as a mere item of evidence to be weighed by the jury in determining the preponderance on the question of ownership.

Other contentions are made with reference to the sufficiency of the evidence to sustain the verdict, but it suffices to say in answer thereto, that there is 7. some evidence tending to establish every fact essential to appellee's right of recovery.   This being true, we must accept the finding of the jury as conclusive on appeal, although the evidence as to some particular fact may be strongly contradicted and not entirely satisfactory.   *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518, 119 N. E. 725; *Public Savings Ins. Co.* v. *Greenwald* (1918), 68 Ind. 609, 118 N. E. 556, 121 N. E. 47.

Other reasons set out in appellant's motion for a new trial are only referred to in that portion of his brief devoted to a statement of propositions or points 8. by numbers, followed by unapplied abstract propositions of law, and in one instance only by a declaration that a certain rule laid down in a former

opinion of this court is against public policy. This is not sufficient to present any questions relating to the rulings of the court involved in such alleged reasons, and hence any error therein has been waived. *Thomas* v. *Davis* (1917), 64 Ind. App. 378, 115 N. E. 961; *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151. We find no reversible error in the record. Judgment affirmed.