## SMITH v. STATE OF INDIANA.

[No. 24,478. Filed June 5, 1924.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Points and Authorities.*—On appeal from a conviction of a criminal charge, the appellant, by failing to state points of law supported by authorities that sustain his contention of error, waives such error, and the statement of abstract propositions of law without applying them to the errors assigned is not a compliance with Rule 22 of the Supreme Court. p. 625.

2. CRIMINAL LAW.—*Affidavit.*—*Sufficiency.*—An affidavit charging the offense in the language of the statute is sufficient where the offense is defined in the statute. p. 625.

3. INTOXICATING LIQUORS.—*Affidavit.*—*Sufficiency.*—*Possession of Still.*—An affidavit charging possession of a still for the manufacture of intoxicating liquor in the language of the statute is sufficient to withstand a motion to quash. p. 625.

4. INTOXICATING LIQUORS.—*Possession of Still.*—*Evidence.*—*Sufficiency.*— Evidence *held* sufficient to sustain conviction on charge of having possession of still for the manufacture of intoxicating liquor. p. 625.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Joe Smith was convicted of having in his possession a still for the manufacture of intoxicating liquor, and he appeals. *Affirmed.*

*Paul Brown* and *William A. McClellan,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

TRAVIS, J.—Appellant was convicted of having in his possession unlawfully and feloniously a still for the manufacture of intoxicating liquors to be used in violation of the laws of this state, which was followed by a judgment of a fine and imprisonment. Appellant as-

signs as errors to this court, that the trial court erred in overruling (1) his motion to quash the affidavit, and (2) his motion for a new trial.

The motion to quash is based upon the reasons that the facts stated in the affidavit do not constitute a public offense, and that the affidavit does not state the offense with sufficient certainty. The points made by the appellant in his brief relating to the alleged error in overruling his motion to quash fail to point out any reason why the affidavit is erroneous, or any defect in the affidavit. The points raised by appellant in relation to this alleged error are mere abstract propositions of law, and make no reference whatever to either of the causes stated why the affidavit is erroneous. By thus failing to state points of law, supported by authorities that will support the contention of the alleged error, by his brief, appellant wholly fails to comply with clause 5, Rule 22, of the rules of this court, and through such failure, no question is presented. *Board, etc.,* v. *Ryan* (1915), 183 Ind. 664, 110 N. E. 58; *Houck* v. *McCoy* (1916), 185 Ind. 713, 114 N. E. 437.

The offense charged is defined by the statute; and the affidavit charging the offense is in the language of the statute. The affidavit is sufficient to withstand the motion to quash. *State* v. *New* (1905), 165 Ind. 571, 76 N. E. 400; *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786.

The error claimed by the overruling of appellant's motion for a new trial is based upon causes that the verdict of the jury is contrary to law and is not supported by sufficient evidence. The evidence in support of the charge shows that appellant rented the house in which the stills and liquor were found in August, 1923, and at the time of making the

bargain, told the owner that he "might want to stir off a batch or two." The owner of the house saw appellant a month or two after the day on which he rented the house to him, at which time a boy was pumping water, appellant was in the house, there was fire under the stills, and liquor running out of them. The appellant asked the owner to drink some of the liquor. On October 1, the sheriff of Henry county, with the chief of police of the city of Newcastle, went to the house and found two stills, six barrels of mash, and several jugs of whisky. Some weeks previous to the time when the arrest was made, appellant went to a tinner in Muncie and obtained a still and paid the tinner five dollars for his work upon the still, and took it away with him. The house and stills were located in Henry county, Indiana. The evidence of the purchase of the still, the renting of the house, the operation of the stills at the house in the presence of its owner, the offering to the owner of whisky made by use of the stills, and the finding of the stills, the mash, and the whisky, by the officers, all in Henry county, Indiana, is sufficient to sustain every essential element of the offense charged. The evidence is therefore sufficient to sustain the verdict, and the verdict is not contrary to law.

Judgment affirmed.

Gause, J., not participating.