HENKEL ET AL. *v.* INDIANA NATIONAL BANK ET AL.

[No. 12,379.   Rehearing denied June 23, 1926.   Transfer denied December 9, 1926.]

1.  APPEAL.—*Statutes regulating manner of taking an appeal must be strictly pursued to confer jurisdiction on the appellate tribunal.*—Statutes which prescribe the terms and conditions on which an appeal may be taken must be strictly pursued in order to confer jurisdiction on the court to which an appeal is taken, and, unless there has been a strict compliance therewith, the appellate tribunal is without power to hear and determine the merits of the controversy.   p. 413.

2.  COURTS.—*Jurisdiction of Marion Probate Court.*—Under the provisions of §1762 Burns 1926, the Marion Probate Court has exclusive jurisdiction in all matters pertaining to the appointment of trustees and to the settlement of trusts, and concurrent jurisdiction of "all actions by and against executors, administrators, guardians, assignees and trustees."   p. 414.

3.  APPEAL.—*Appeals from Marion Probate Court.*—Under the provisions of §1772 Burns 1926, appeals may be taken from the Marion Probate Court on the same terms and conditions as appeals are taken from the circuit courts.   p. 414.

4.  APPEAL.—*Appeals under the decedents' estates act can be taken only in matters within the purview of the act.*—The section of the decedents' estates act (Acts 1881 [Spec. Sess.] p. 423, §228, §3310 Burns 1926) authorizing an appeal from any decision "growing out of any matter connected with a decedent's estate" is construed to mean any matter within the purview of the act.   p. 416.

5.  APPEAL.—*Appeal bond in double amount of money involved mandatory in appeal from a decision concerning a decedent's*

*estate.*—The provision of the statute authorizing an appeal from a decision in matters connected with a decedent's estate requiring the filing of an appeal bond "with penalty in double the sum in controversy" where an amount of money is involved (§3310 Burns 1926), is mandatory, and must be complied with. p. 416.

6. APPEAL.—*Appeal from action to establish trust must be taken under provisions of Code, and not under decedents' estates act.* —An appeal from a judgment in an action commenced by a complaint and summons to establish a trust must be taken under the provisions of the Code, and not under the decedents' estates act, although the administrators of an estate were made defendants to the action. p. 416.

7. APPEAL.—*Transcript must be filed within sixty days after appeal bond in taking term-time appeal, unless time is extended under provisions of statute.*—In order to perfect a term-time appeal, the transcript must be filed "within sixty days after filing the [appeal] bond" unless an extension of time for filing the same is obtained in the manner provided by the statute (§698 Burns 1926, §679 Burns 1914, as amended Acts 1917 p. 71), and if not so filed, the appeal must be dismissed. p. 417.

From Marion Probate Court (1,647); *Mahlon E. Bash*, Judge.

Action by the Indiana National Bank and another against William E. Henkel, administrator, and others, in which an appeal was attempted, but dismissed. *Appellants' petition for rehearing denied.* By the court in banc.

*Kane & Blain, Kealing & Hugg, L. Roy Zapf* and *Gavin & Gavin*, for appellants.

*Aquilla I. Jones, William W. Hammond, C. Severin Buschmann, Alvan W. Boyd, Charles E. Cox, Charles B. Williams* and *Madison Walsh*, for appellees.

APPELLEES' MOTION TO DISMISS SUSTAINED WITHOUT OPINION JUNE 12, 1925.

ON PETITION FOR REHEARING OF MOTION TO DISMISS.

This action was instituted by the Indiana National Bank and the Fletcher Savings and Trust Company

against William E. Henkel and Arthur. J. Randall, co-administrators of the estate of Baird G. Saltzgaber, deceased; Arthur J. Randall and William E. Henkel, trustees; Arthur J. Randall, trustee; William Henkel, trustee; Fletcher American National Bank of Indianapolis; Peoples State Bank of Indianapolis; and the Commercial National Bank of Indianapolis, to establish a trust and to direct the application of the fund to the payment of certain claims held by the plaintiffs. Issues were formed and the cause proceeded to trial. The court found the facts specially and stated conclusions of law thereon. The defendants' motion for a new trial was overruled and judgment was rendered for the plaintiffs, September 2, 1924. On the same day, an appeal bond, executed by all defendants except the administrators and trustees, was filed and approved, in the sum of $500. The transcript was filed November 21, 1924. No notice of the appeal has been given. The plaintiffs have moved to dismiss the appeal.

The facts averred in the complaint, in so far as they are essential to an understanding of the question presented by the motion to dismiss the appeal, are as follows:

"Baird G. Saltzgaber, William E. Henkel and Arthur J. Randall were officers and directors of the Mutual Printing and Lithographing Company. The corporation was indebted to the Indiana National Bank, of which indebtedness Saltzgaber and Henkel were guarantors. Saltzgaber was also personally indebted to the Indiana National Bank, and part of his personal indebtedness to this bank was indorsed by Henkel.

"The Mutual Printing and Lithographing Company is indebted to the Fletcher Savings and Trust Co. in the principal sum of $39,000 for money borrowed, which indebtedness is guaranteed by Saltzgaber and Henkel.

"Saltzgaber held four policies of insurance on his own

life in the Massachusetts Mutual Life Insurance Company, in the aggregate sum of $78,000, which policies were payable to his estate. He assigned the insurance policies to Arthur J. Randall, trustee, and notified Randall that he had assigned to him the policies in trust, which trust Randall then and there accepted. By the terms of the trust, the proceeds of the insurance policies were to be applied in the following manner: (1) To the payment of the indebtedness of the Lithographing Company to the Fletcher Savings and Trust Company and to the Indiana National Bank; (2) to the payment of the note indorsed by Henkel at the Indiana National Bank; and (3) the balance to be applied on Saltzgaber's personal obligations at the Commercial National Bank, Fletcher American National Bank, Peoples State Bank, and the Indiana National Bank.

"Saltzgaber died on August 10, 1922. William E. Henkel and Arthur J. Randall are the administrators of Saltzgaber's estate. On the death of Saltzgaber, Randall declined to receive the proceeds of the insurance policies and refused to execute the trust. Thereupon the Life Insurance Company paid to the administrators of Saltzgaber's estate the sum of $78,000, being the proceeds of the policies, under an agreement that the money should be held by Henkel and Randall separate and apart from the funds of the estate and for the use and benefit of such persons as should be found by judicial decree to be lawfully entitled thereto.

"The Fletcher American National Bank, the Commercial National Bank, and the Peoples State Bank are made defendants to answer to their interests, if any, in the proceeds of the fund."

The prayer of the complaint is that a trust be declared and that the proceeds of the insurance policies be ordered paid to the plaintiffs in accordance with the terms of the trust.

Each defendant filed answer in denial. William E. Henkel and Arthur J. Randall, describing themselves as administrators and also as trustees, filed an amended second paragraph of answer. The Peoples State Bank filed a second paragraph of answer. These second paragraphs of answer are substantially the same. They are voluminous and are made up wholly of evidential, rather than ultimate, facts.

The prayer of the second paragraph of answer of the Peoples State Bank is that the proceeds of the insurance policies be declared assets of the estate, clear and free of the trust alleged in the complaint.

The closing averment of the second paragraph of answer filed by Henkel and Randall is that the fund derived from the insurance policies belongs to the estate of Saltzgaber, deceased, and that no interest therein exists in favor of the plaintiffs or either of them as beneficiaries in any trusteeship in said fund. This paragraph of answer is wholly devoid of any prayer for relief.

The special finding is too voluminous to be embodied in this statement. It is sufficient to say that the finding supports the averments of the complaint in every detail. The conclusions of law are: (1) That the law is with the plaintiffs; and (2) that a valid trust was created by Saltzgaber in the proceeds of the life insurance policies in favor of the following beneficiaries: Fletcher Savings and Trust Company in the sum of $45,137.45; the Indiana National Bank in the aggregate sum of $42,014.74; and that the banks are entitled to have the fund paid directly to them.

In support of their contention that the case is appealable under the act for the settlement of decedents' estates, the defendants cite the following cases: *Seward* v. *Clark, Admr.* (1879), 67 Ind. 289; *Miller, Admr.*, v.

*Carmichael* (1884), 98 Ind. 236; *Ruch, Admr.,* v. *Bier* (1887), 110 Ind. 444; *Davis* v. *Huston* (1882), 84 Ind. 272; *Bake* v. *Smiley* (1882), 84 Ind. 212; *Browning* v. *McCracken* (1884), 97 Ind. 279; *Bennett, Admx.,* v. *Bennett* (1885), 102 Ind. 86; *Vail* v. *Page* (1911), 175 Ind. 126; *Beaty* v. *Voriss* (1894), 138 Ind. 265; *Nash, Admr.,* v. *Burgess, Exr.* (1922), 79 Ind. App. 460; *Harrison Nat. Bank* v. *Culbertson* (1896), 147 Ind. 611; *Rogers* v. *State, ex rel.* (1901), 26 Ind. App. 144; *Willis, Admr.,* v. *Furguson* (1916), 62 Ind. App. 563.

In support of the proposition that the case is within the Civil Code, the plaintiffs cite the following cases: *Crawfordsville Trust Co.* v. *Ramsey* (1913), 55 Ind. App. 40; *Rusk, Admr.,* v. *Gray* (1881), 74 Ind. 231; *Galentine* v. *Wood, Admr.* (1894), 137 Ind. 532; *Harrison Nat. Bank* v. *Culbertson, supra; Koons, Admr.,* v. *Mellett* (1890), 121 Ind. 585, 7 L. R. A. 231; *Mason* v. *Roll, Exr.* (1892), 130 Ind. 260; *Mark* v. *North, Admr.* (1900), 155 Ind. 575; *Roach* v. *Clark* (1897), 150 Ind. 93, 65 Am. St. 353; *Hillenberg* v. *Bennett, Admr.* (1883), 88 Ind. 540; *Holderman* v. *Wood* (1905), 34 Ind. App. 519; *Heller* v. *Clark, Admx.* (1885), 103 Ind. 591; *Baker* v. *Edwards* (1901), 156 Ind. 53; *Hayes* v. *Shirk* (1906), 167 Ind. 569; *Walker, Admr.,* v. *Steele* (1889), 121 Ind. 436; *Stults, Admr.,* v. *Gibler* (1896), 146 Ind. 501; *Dillman* v. *Dillman* (1883), 90 Ind. 585; *Rogers* v. *State, ex rel., supra; Sloan, Admr.,* v. *Lowder* (1899), 23 Ind. App. 118; *Studabaker* v. *Faylor* (1917), 66 Ind. App. 175; *McKinney* v. *Hartman* (1896), 143 Ind. 224; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Trippeer* v. *Clifton* (1912), 178 Ind. 198, 39 L. R. A. (N. S.) 522; *Town of Windfall City* v. *State* (1910), 174 Ind. 311; *Gates* v. *Weyenberg* (1915), 60 Ind. App. 241; *Schultze* v. *Maley* (1914), 56 Ind. App. 586; *Peoples State Bank* v. *Buchanan* (1925), 145 N. E. (Ind. App.) 898; *Cleveland, etc., R. Co.* v. *Smith* (1912), 177

Ind. 524; *Hasenstab, Admx.,* v. *Kentucky, etc., R. Co.* (1923), 80 Ind. App. 209, 140 N. E. 68; also Supreme Court Rule 1.

DAUSMAN, J. (after making the foregoing statement).—The legislature has provided that a litigant who is aggrieved by a final judgment of a trial court may have his cause reviewed on appeal by complying with certain requirements. Statutes which prescribe the terms and condition on which an appeal may be taken must be strictly pursued. The requirements of statutes of that kind are jurisdictional; and unless there has been a strict compliance therewith, the appellate tribunal is without power to hear and determine the merits of the controversy.

In the case at bar, it would be much easier to write an opinion on the merits of the controversy presented by the assignment of errors than on the question presented by the motion to dismiss the appeal. But the jurisdictional question must first be determined.

It is clear that the purpose of the action is to declare the existence of a trust, to preserve the trust fund, and to secure the application of the fund to the purposes for which it was created. It is equally clear that, *prima facie,* the fund involved did not constitute assets of the estate. Saltzgaber had arranged with the insurance company to have the fund paid to Randall, in the capacity of trustee, and that the fund should be applied on the indebtedness due from the insured to certain creditors. That arrangement was contractual—as between Saltzgaber and the insurance company. On the death of Saltzgaber, Randall refused to serve as trustee pursuant to the appointment made by Saltzgaber. Henkel and Randall were appointed co-administrators of Saltzgaber's estate, and the life insurance company paid to them the proceeds of the policies under an agreement that the fund should be held by them sepa-

rate and apart from the funds of the estate, for the use and benefit of the persons who should be found by judicial decree to be lawfully entitled thereto. It is obvious that primarily the fund did not constitute assets of the estate and that the administrators could not have arbitrarily included it in their inventory without violating the condition on which it was paid. It is apparent on the face of the record that the defendants so understood the matter and that they were seeking to have the fund declared assets of the estate by judicial decree.

It should be observed that the court in which this cause was tried is denominated in the statute "a probate court." §1753 *et seq.* Burns 1926, §1606 *et seq.* 2. Burns 1914. It is a court of more comprehensive jurisdiction than the name primarily implies. Bouvier's Law Dic. It has exclusive original jurisdiction in all matters pertaining to the appointment of trustees and to the settlement of trusts. It has concurrent jurisdiction of "All actions by and against executors, administrators, guardians, assignees and trustees." The legislative provision is that an appeal may be taken from that court in any case wherein an appeal may be taken from a circuit court. The manner of taking and perfecting an appeal is stated in the following language: "The appeal shall be regulated by the law regulating appeals from the circuit court to the Appellate and Supreme Courts, so far as applicable. An appeal may also be taken to the Appellate and Supreme Courts in the same manner and in like cases as from circuit courts, or the judge thereof." §1797 Burns 1926, §1625 Burns 1914.

Surely this statutory provision is not to be commended for its diction. However, reflection and reason reveal the legislative intent to be simply that 3. appeals may be taken from the probate court on the same terms and condition as appeals in like

cases are taken from a circuit court. For many years, two distinct methods of perfecting appeals from a circuit court, in cases other than criminal, have been maintained. The distinction is based on the nature of the subject-matter involved. The classification is as follows: (1) Matters within the act providing for the settlement of decedents' estates; and (2) actions within the Civil Code.

For many years, the legislature has also maintained a comprehensive plan for the settlement of decedents' estates. Ch. 6 R. S. 1881, ch. 6 Burns 1914, ch. 6 Burns 1926. The following is one of the provisions of that plan: "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute to the Supreme Court, upon filing with the clerk of such circuit court a bond with penalty in double the sum in controversy, in cases where an amount of money is involved, or where there is none, in a reasonable sum, to be designated by such clerk, with sufficient surety, payable to the opposite party in such appeal, conditioned for the diligent prosecution of such appeal, for the payment of the judgment which may be affirmed, and all costs if costs be adjudged against the appellant." §3310 Burns 1926, §2977 Burns 1914, §2454 R. S. 1881, 2 R. S. 1852 p. 291.

The act of 1881 consists of 242 sections, numbered consecutively. For the convenience of the public, presumably, the act is subdivided into nineteen parts, called articles. The section above quoted is numbered 228 and is the first section of Art. 17. The title of the act is "An Act providing for the settlement and distribution of decedents' estates." Acts 1881 [Spec. Sess.] p. 423.

Attention must now be directed to the following words of the statute: "any decision * * * grow-

ing out of any matter connected with a decedent's estate." These words have been the prolific source of controversy. The appellate tribunals have been called upon many times to determine what cases are appealable under this statute; but the decisions on this point are not clear. It is another example of inapt expression. One thing, however, is certain— the scope of an act cannot be broader than its title. §122 Burns 1926, §115 Burns 1914. It follows that matters within the scope of this act are appealable under the section above quoted; all other matters are excluded. The troublesome expression means simply "any matter within the purview of this act."

Another feature deserves attention. The trial court fixed the amount of an appeal bond, to be executed jointly by all the defendants other than Henkel and Randall in the capacity of administrators, in the sum of $500. A bond in that sum was promptly filed, in which all the defendants joined except Henkel and Randall as administrators and Henkel and Randall as trustees. As trustees, these two defendants have attempted to appeal wholly without bond. Now, the act governing the settlement of decedents' estates requires an appeal bond "in double the sum in controversy in cases where an amount of money is involved." That requirement is imperative. Did counsel for the defendants think when they filed a bond in the paltry sum of $500 that they were perfecting an appeal under this statute? However, if the sufficiency of the bond be wholly excluded from our consideration, it is none the less obvious that this case is not within the act for the settlement of decedents' estates. That act prescribes a procedure which is distinctively and exclusively applicable to matters within its purview. Under its provisions, a claim against a decedent's estate is not to be

Henkel *v.* Indiana Nat. Bank—85 Ind. App. 407.

presented by complaint and summons. A very different plan has been designated for that purpose. But it is idle to pursue this feature further. It is apparent on the face of the record that neither the trial court nor any of the parties was of the opinion that the case at bar is within the act for the settlement of decedents' estates. Everybody concerned—the trial court and the litigants—treated the proceeding as an action within the Civil Code; and in so doing they were justified.

Has an appeal been perfected in accordance with the requirements of the Civil Code? The answer to that question depends on whether or not it was essen-

7. tial that notice be served on the plaintiffs. It has been held consistently that notice of an appeal is not required where a bond has been seasonably filed and approved by the trial court, and the transcript has been filed within the time fixed by statute. The statute now in force requires that the transcript be filed "within sixty days after filing the bond." §698 Burns 1926, §679 Burns' Supp. 1921. No extension of time within which to file the transcript was requested, and, of course, none was given. No notice of appeal was given and no attempt was made to perfect a "vacation appeal." This feature, however, need not be pursued further; for the reason that none of the defendants are claiming that an appeal has been perfected in accordance with the requirements of the Civil Code.

We adhere to our former ruling in dismissing the attempted appeal; and the petition for a rehearing is denied.