LOVETT *v.* CITIZENS TRUST AND SAVINGS BANK ET AL.

[No. 25,523.   Filed March 27, 1929.]

*Parker, Crabill, Crumpacker & May,* for appellant.
*S. B. Pettengill, Lenn J. Oare* and *Owen M. Heaton,* for appellees.

WILLOUGHBY, J.—This is an action by the Citizens Trust and Savings Bank of South Bend, Indiana, and Charles H. Lovett, as executors of and as trustees under the last will and testament of Clara L. Wyman, deceased, for the purpose of construing decedent's last will, resulting in a trial, and on February 18, 1927, a judgment in favor of appellees.

Appellant filed a motion for a new trial, which was overruled on March 31, 1927, to which ruling of the court appellant excepted, prayed an appeal, and was given twenty days in which to file an appeal bond, and on April 11, 1927, appellant filed said bond, which was approved by the court on said day. Appellant filed his bill of exceptions on May 26, 1927.

The appellees, appearing specially for such purpose, filed a motion, separately and severally, to set aside the

submission of said cause and dismiss said appeal for the reason that the transcript was not filed in the office of the clerk of the Supreme Court within sixty days after the date of filing the appeal bond.

An appeal from a proceeding to have a will construed is governed by the Civil Code. *Simmons* v. *Beazel* (1890), 125 Ind. 362, 25 N. E. 344.

Under the Civil Code, §698 Burns 1926, in order to take a term-time appeal, the following steps must be taken: (1) In a term-time appeal, time must be asked during the term at which the judgment was rendered to file an appeal bond and it must be granted during that term; (2) either the bond must be filed and the sureties thereon approved during that term or the penalty of the bond and the time allowed for filing it must be fixed and the surety or sureties approved by the court during that term; (3) the bond with the surety approved by the court must be filed within the time allowed; (4) the transcript of the record must be filed in the office of the clerk of the Supreme Court, within sixty days after the filing of the bond, unless an extension of time for filing the same is obtained in the manner provided by statute. §698 Burns 1926, as amended by Acts 1917 p. 71; *Hartlep* v. *Cole* (1889), 120 Ind. 247, 22 N. E. 130; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, 28 N. E. 549; *Ex parte Sweeney* (1892), 131 Ind. 81, 30 N. E. 884; *Thompson* v. *Conn. Mut. Life Ins. Co.* (1894), 139 Ind. 325, 38 N. E. 796; *Mich. Mutual Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148; *Lake Erie, etc., R. Co.* v. *Watkins* (1902), 157 Ind. 600, 62 N. E. 443; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *Tuttle* v. *Fowler* (1915), 183 Ind. 99, 107 N. E. 674; *Court of Honor* v. *Bankert* (1903), 31 Ind. App. 689, 68 N. E. 1039; *Holderman* v. *Wood* (1905), 34 Ind. App. 519, 73 N. E. 199; *Penn, etc.,*

*Plate Glass Co.* v. *Poling* (1912), 52 Ind. App. 492, 100 N. E. 83; *Gates* v. *Weyenburg* (1915), 60 Ind. App. 241, 110 N. E. 227; *Equitable Surety Co.* v. *Taylor* (1918), 71 Ind. App. 382, 121 N. E. 283; *Plotnicki* v. *Nowicki* (1920), 73 Ind. App. 383, 127 N. E. 564; *People's State Bank* v. *Buchanan* (1925), 86 Ind. App. 517, 145 N. E. 898; *Henkel* v. *Indiana Nat. Bank* (1926), 85 Ind. App. 407, 152 N. E. 857; Buskirk, Practice 61; Works, Practice §1088; Elliott, App. Proc. §§247-249 and 525, and notes.

In appellant's brief, it is stated that appellant always has understood that the appeal taken by him from the judgment rendered against him by the court below was an appeal from a proceeding to have a will construed and that, as such, it was and is governed by the Civil Code and was a civil appeal and not a probate appeal. Appellant has never contended and never supposed that he was taking a probate appeal or that he was taking or trying to take a vacation appeal as distinguished from a term-time appeal. In support of appellant's contention, he cites certain cases, *Simons* v. *Simons* (1891), 129 Ind. 248, 28 N. E. 702; *Thomas* v. *Davis* (1917), 64 Ind. App. 378, 115 N. E. 961; *Leslie* v. *Ebner* (1918), 67 Ind. App. 32, 118 N. E. 829; *House* v. *Cardinal* (1919), 69 Ind. App. 428, 122 N. E. 11, construing §3311 Burns 1926, and says that §698, relating to civil appeals, should be construed the same as §3311, relating to probate appeals. In answer to that contention, we need only say that the court has not done so.

In *Tuttle* v. *Fowler, supra,* in speaking of the construction of §698 Burns 1926, the court says: "Appellants concede that the authorities are decisive of the question here presented, but urge upon the court that they should be overruled for the reason that the construction which they place upon the statute involved is too technical. The rule announced does not affect substantive rights,

but relates only to the procedure in perfecting appeals. It was announced more than sixteen years ago and has been followed ever since. It is important that the rules of practice be finally established and that they should not be frequently changed by conflicting constructions. It is not apparent that the construction heretofore placed upon the statute works any hardship or injustice to litigants or that the rule announced is burdensome in its operation. The members of the bar generally are familiar with the rule as announced in former decisions and this court is not inclined to create confusion in the practice by placing a different construction on the statute."

In the instant case, the appeal bond of appellant was filed in the lower court on the 11th day of April, 1927. The transcript was filed in the office of the clerk of this court on the 11th day of June, 1927. It appears further that the sixtieth day next after the date upon which the appeal bond was filed fell on June 10, 1927, and was not a Sunday but a Friday. The 11th day of June, 1927, was the sixty-first day after the 11th day of April, 1927, from which it appears that the transcript was not filed within sixty days after the filing of the bond. No notice, either below or issuing out of this court, nor any applications for the issuance thereof, has been given or made or served upon the appellees for the purpose of effecting and perfecting a vacation appeal herein. No time was given in the lower court, nor did appellant move the lower court for an extension of time beyond the sixty days allowed by §698 Burns 1926 in which to file the transcript herein in the office of the clerk of this court. In attempting this appeal, the appellant has not complied with the provisions of §698 Burns 1926.

An appeal is taken when all the steps pointed out to confer jurisdiction upon the Supreme Court have been

taken. *Daugherty* v. *Payne, supra; Barney* v. ▪ *Elkhart County Trust Co.* (1906), 167 Ind. 505, 79 N. E. 492. See, also, *Pittsburgh, etc., R. Co.* v. *Hoffman* (1928), *ante* 178, 162 N. E. 403.

The right of appeal is given by statute, or it does not exist. In acquiring jurisdiction over a particular case, this court does not exercise its inherent powers, ▪ but must exact a compliance with statutory provisions. *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535.

The appeal is dismissed.