McCLOUD v. TRUAX, RECEIVER ET AL.

[No. 15,606.  Filed December 15, 1937.]

*F. S. Hamilton,* for appellant.

*Davis Harrison,* and *Pearl L. Vernon,* for appellees.

WOOD, J.—The appellees appeared specially in this cause, and filed a verified motion with briefs in support thereof to dismiss this appeal. The appellant never filed any answer to this motion nor briefs in opposition thereto. The right of an appeal in this state is given by statute or it does not exist, *Lovett* v. *Citizens etc. Bank* (1928), 200 Ind. 608, 165 N. E. 545; and whether the parties litigant have complied with the statutory provisions setting out the procedure to be pursued in perfecting an appeal, thus properly invoking the jurisdiction of this court, is a question which we must determine whether raised by the parties or not. *Thompson* v. *A. J. Thompson, etc., Co.* (1923), 81 Ind. App. 442, 144 N. E. 150.

The transcript was filed in this court October 1, 1935. It and all proceedings had in this court since it was filed herein show conclusively that no attempt was ever made nor steps taken by the appellant to perfect this proceeding as a vacation appeal. If the appellant has any standing in this court at all, it must be upon the basis of a term time appeal.

Under Section 2-3204 Burns 1933, Section 480 Baldwin's Ind. St. 1934, as amended Acts 1935, ch. 253, p. 1277, in order to perfect a term time appeal the following steps must be taken: (1) Time must be asked during the term at which the judgment was rendered to file an appeal bond and it must be granted during that term; (2) either the bond must be filed and the sureties thereon approved by the court during that term or the penalty of the bond and the time allowed for filing it must be fixed and the surety or sureties named and approved by the court during term; (3) the bond with the named surety or sureties approved by the

court during term must be filed within the time allowed; (4) the transcript of the record must be filed in the office of the clerk of the Supreme Court within sixty days after the filing of the bond, unless an extension of time for filing the same is obtained in the manner provided by statute. *Lovett* v. *Citizens etc., Bank, supra; Van Cleave* v. *Wolf* (1934), 98 Ind. App. 650, 190 N. E. 371.

The only steps taken to perfect a term time appeal appear in the record after the entry showing the overruling of appellant's motion for a new trial in the following language "and now said Lawrence McCloud prays an appeal to the Appellate Court of Indiana which is granted, and sixty days are given and granted to said Lawrence McCloud in which to file bond and bills of exceptions, and appeal bond is fixed in the penalty of $100."

This entry was made upon the 18th day of June, 1935, during the April Term, 1935, of the Putnam Circuit Court. What purports to be an appeal bond was filed on August 3, 1935, during vacation of said court.

It is so apparent from the facts presented by the record before us that the appellant has failed to perfect a term time appeal as provided in the section of the statute above referred to that further comment is unnecessary. This court does not have jurisdiction of this cause except for the purpose of ordering a dismissal thereof.

As there is no cause before us for consideration, there can be no occasion for an oral argument. The request of appellees for an oral argument is therefore denied and this appeal is dismissed. *Willett* v. *Larch* (1920), 189 Ind. 410, 127 N. E. 546.