## McClara *v.* Snow et al.

[No. 16,459.  Filed October 18, 1939.  Petition to reinstate appeal and withhold judgment denied May 27, 1940. Petition to set aside dismissal and reinstate appeal denied September 19, 1940.]

*Warren B. Allison* and *L. A. Douglas,* both of Jeffersonville; *Sam S. Margolin* and *Marion S. Kaufman,* both of Memphis, Tennessee, for appellant.

*Fox & Fox,* of Jeffersonville; *Frank W. Carr,* of Charlestown; *W. J. Sprow,* of Crawfordsville; and *Paul R. Schnaitter,* of Madison, for appellees.

STEVENSON, C. J.—This appeal grows out of an action for the partition of real estate. The appellees have appeared specially and filed their motion to dismiss this appeal for the reason that at the time the court overruled the motion for new trial the court did not fix the penalty of the appeal bond and did not at any time approve an appeal bond in which a penalty was fixed.

The trial court on April 5, 1939 overruled the motion for new trial to which ruling the appellant herein excepted and the record discloses that the appellant "now prays an appeal from the judgment herein to the Appellate Court of the State of Indiana which prayer is granted upon his filing an appeal bond conditioned according to law within 30 days from this date with the Hartford Accident and Indemnity Company as surety therein which surety is now approved by this court, said bond to be filed with the clerk in vacation should the court not be in session."

The record further discloses that a bond in the penal sum of $500.00, with the Hartford Accident & Indemnity Company as surety, was filed by the appellant in vacation and on May 1, 1939.

Nowhere in the record is there any showing that the court ever fixed or approved the amount of the appeal bond. It has frequently been said by both this court and the Supreme Court of this state that:

". . . In order to take a term-time appeal, the following steps must be taken: (1) In a term-time appeal, time must be asked during the term at which the judgment was rendered to file an appeal bond and it must be granted during that term; (2) either the bond must be filed and the sureties thereon approved during that term or the penalty of the bond and the time allowed for

filing it must be fixed and the surety or sureties approved by the court during that .term; (3) the bond with the surety approved by the court must be filed within the time allowed . . ." *Lovett* v. *Citizens Trust, etc., Bank* (1929), 200 Ind. 608, 610, 165 N. E. 545. See also *Penn., etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83.

It will be noted that one of the steps necessary to the perfecting of a term time appeal is the fixing of the penalty of the bond. As was said by the Supreme Court in the case of *Michigan Mutual Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304:

"The penalty of the appeal bond must be fixed and the surety named and approved by the court during the term at which the final judgment is rendered."

This is one of the steps required by statute in perfecting an appeal and the same cannot be waived by the mere silence or acquiescence of the parties interested. *Penn., etc., Plate Glass Co.* v. *Poling, supra.*

This court can acquire no jurisdiction in a term time appeal where the statutory requirements for perfecting an appeal have not been followed. *Reitzel* v. *Campbell* (1937), 103 Ind. App. 650, 5 N. E. (2d) 148; *Lovett* v. *Citizens Trust etc. Bank, supra.*

Since more than 90 days have elapsed since the date of final judgment, and since no steps have been taken to perfect a vacation appeal, it follows that this case must be and the same is now dismissed.

Appeal dismissed.

NOTE.—Reported in 22 N. E. (2d) 900.